GRIFFIN, Judge.
Appellant appeals his conviction of passing a state lottery ticket with the intent to defraud.[1]
On December 6,1991, Sam’s Discount Beverage in Melbourne was burglarized. When the owner, Sam Patel, inspected the premises, he found that a large quantity of cigarettes and “scratch off’ lottery tickets were missing. Because the distribution of tickets to retailers is recorded and Mr. Patel had kept a log of the tickets sold, he was able to identify which tickets were missing.
Within hours after the burglary, appellant redeemed a number of the stolen tickets for prizes at a local Jiffy store, Texaco station, and Publix supermarket. When appellant sought to redeem fifty-one lottery tickets at the Jiffy store, an employee called the Florida lottery. After speaking with the Florida lottery, he set off the alarm to alert the police. When the police arrived at the store, appellant was arrested.
Appellant was charged, inter alia, with “passing] a state lottery ticket with the intent to defraud, contrary to section 24.-118(3)(c), Florida Statutes.” Section 24.-118(3)(c) provides in pertinent part:
(3) COUNTERFEIT OR ALTERED TICKETS. — Any person who:
[[Image here]]
(e) With intent to defraud, falsely makes, alters, forges, passes, or counterfeits a state lottery ticket;
[[Image here]]
is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or 775.084.
At trial, the state contended that redeeming the prize-winning tickets was “passing” a state lottery ticket and that the “intent to defraud” was a general intent— that the state need not allege or prove whom the accused intended to defraud. In closing, the state argued that it had been Mr. Patel, the owner of Sam’s Discount Liquors, who had been “defrauded” because he had been deprived of his use of the tickets. Appellant contends that if the quoted statute does criminalize his cashing in of the prize-winning tickets, the statute is unconstitutionally vague because the statute does not adequately inform a person of ordinary intelligence what conduct is made criminal. See State v. McCarthy, 615 So.2d 784 (Fla. 2d DCA 1993). We agree that section 24.118 is poorly drafted. We also agree that appellant’s conviction should be reversed, but we need not hold the statute is unconstitutionally vague to do so. The statute does describe with relative clarity that the passing of a counterfeit or altered ticket with the intent to perpétrate a fraud is a third degree felony in Florida. Appellant’s conduct proved at trial does not violate this statute, however. Statutes penal in character must be strictly construed. Newman v. State, 174 So.2d 479 (Fla.2d DCA 1965). The specific provision under which appellant was charged does not criminalize the simple act of redeeming a prize-winning lottery ticket that the presenter knows to be stolen. Ap *217 pellant’s motion for judgment notwithstanding the verdict should have been granted.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.

. § 24.118(3)(c), Fla.Stat. (1991).