W. SHARP, Judge.
Velasquez was convicted of attempting to sexually batter a fourteen-year-old boy.[1] He raises various points challenging the merits of his conviction which we find are either without merit or are not sufficient to overcome the harmless error rule.[2] However, we do agree with Velasquez that he was improperly sentenced because his crime was scored as a first degree felony. This error imper-missibly increased his score and the applicable sentencing bracket.[3] Accordingly, we vacate his sentence and remand for resentenc-ing consistent with this opinion.
The trial court computed Velasquez’ score as though he had been convicted of a first degree felony. Computed on this basis, his sentencing score was 236 points, allowing a permitted sentence of three and one-half to seven years in prison. His sentence of six years in prison followed by five years on probation would have been legal and within the guidelines, had his crime been a first degree felony.
However, section 794.011(5) makes the completed offense a second degree felony, and section 777.04(1) and (4) provides that an attempt constitutes a third degree felony. *1219 The state argues that attempted sexual battery should be enhanced by section 794.023 to, at least, a second degree felony. That statute provides:
Sexual battery by multiple perpetrators; enhanced penalties.—
(1) The Legislature finds that an act of sexual battery, when committed by more than one person, presents a great danger to the public and is extremely offensive to civilized society. It is therefore the intent of the Legislature to provide enhanced penalties for acts of sexual battery committed by more than one person.
(2) The penally for a violation of s. 794.011 shall be increased as provided in this subsection if it is charged and proven by the prosecution that, during the same criminal transaction or episode, more than one person committed an act of sexual battery on the same victim.
(a) A felony of the second degree shall be punishable as if it were a felony of the first degree.
(b) A felony of the first degree shall be punishable as if it were a life felony. This subsection does not apply to life felonies or capital felonies.
The record in this case establishes that Velasquez was charged with an attempt to commit sexual battery with multiple perpetrators in violation of sections 794.023, 794.011(5) and 777.04. The evidence at trial established that he and another man held the victim by his hands and took turns trying to rape him. Had Velasquez been convicted of sexual battery, section 794.023 would have been applicable to elevate the second degree felony to a first degree felony. See Gordon v. State, 599 So.2d 1048 (Fla. 5th DCA 1992).
However, a close reading of section 794.023 shows that it fails to address attempted sexual battery, and the enhancement provisions relate only to second degree felonies and first degree felonies. The crime for which Velasquez was charged and convicted is a third degree felony, and his crime was an attempt, not a battery. Thus, the enhancement statute does not, on its face, apply to this case. Although some might argue this was a mere legislative drafting oversight, we are bound to give criminal statutes a strict construction.[4] Unless the Legislature clearly defines a particular act as a certain kind of crime, we cannot declare it to be so by judicial construction. This policy applies to the application of enhanced punishment statutes as well as substantive criminal laws.[5]
Accordingly, we vacate Velasquez’ sentence and remand for resentencing as a third degree felony. Otherwise, we affirm the trial court in all regards.
Sentence VACATED; REMANDED for resentencing.
GRIFFIN, J., and ORFINGER, M., Senior Judge, concur.

. § 794.011(5), Fla.Stat. (Supp.1992) and § 777.04(1), Fla.Stat. (1993).

. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).

.Scoring the crime as a first degree felony put Velasquez in the 5th bracket; scoring it as a third degree felony put Velasquez in the second bracket.

. See City of Miami Beach v. Galbut, 626 So.2d 192 (Fla.1993); State v. Jackson, 526 So.2d 58 (Fla. 1988); Jones v. State, 629 So.2d 215 (Fla. 5th DCA 1993); Spicer v. State, 615 So.2d 725 (Fla. 2d DCA 1993).

. See Lamont v. State, 610 So.2d 435 (Fla.1992); Watkins v. State, 622 So.2d 1148 (Fla. 1st DCA 1993); Spicer; Brown v. State, 458 So.2d 313 (Fla. 5th DCA 1984), rev, dismissed, 476 So.2d 660 (Fla. 1985).