CONFESSION OF ERROR

PER CURIAM.
Upon the State’s proper confession of error, we reverse the appellant’s concurrent seven year probationary sentences imposed as a result of his plea to five third degree felonies, all of which were alleged to have been committed prior to January 1, 1994. This sentence is illegal because the statutory maximum for each such third degree felony is five years of state supervision.[1]. See section 775.082(3)(d), Fla.Stat. (1991). A sentence in excess of the statutory maximum may not be imposed even pursuant to a plea agreement between the parties. Larson v. State, 572 So.2d 1368, 1371 (Fla.1991); Stephens v. State, 627 So.2d 543 (Fla. 2d DCA 1993); Arnett v. State, 598 So.2d 235 (Fla. 1st DCA 1992); Darden v. State, 588 So.2d 275 (Fla. 2d DCA 1991); see also Marshall v. State, 623 So.2d 1230 (Fla. 1st DCA), appeal dismissed, 626 So.2d 207 (Fla.1993) (invalidating use of habitual offender statute pursuant to plea in absence of requisite prior convictions).
On remand, the parties may either renegotiate a plea to a lawfully structured sentence or the appellant shall be permitted to withdraw his plea and proceed to trial on all of the original counts of the information.
Reversed and remanded.

. Crimes committed after January 1, 1994, are subject to the 1994 sentencing guidelines, which may permissibly exceed the statutory maximum enunciated in section 775.082, Florida Statutes (1995). §§ 921.001(4)(b), 921.001(5), 921.0014(2) Fla.Stat. (1995); Rule 3.702(b), Fla. R.Crim.P.; see also Gardner v. State, 661 So.2d 1274 (Fla. 5th DCA 1995).