744 So.2d 1046 (1999)
Richard GIFFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3768.
District Court of Appeal of Florida, Fourth District.
August 25, 1999.
Richard Gifford, Starke, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert R. Wheeler, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The narrow issue we address in this case is whether the trial court erred in denying appellant's motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a).
In 1991, Gifford entered a plea of nolo contendere to one count of attempted sexual battery by multiple offenders and one count of kidnapping. He was sentenced to 15 years imprisonment on the attempted sexual battery, followed by 15 years of probation on the kidnapping charge.
Gifford contends that his 15 year sentence for attempted sexual battery is illegal. He claims that the state erroneously scored the primary offense on his sentencing guidelines scoresheet as a sexual battery, when in fact his plea was to attempted sexual battery. Sexual battery, he argues, is a second degree felony, *1047 while attempted sexual battery is only a third degree felony.
The trial court denied relief. The court concluded that although attempted sexual battery is a third degree felony, under section 794.023, Florida Statutes (1997), a sexual battery committed by multiple offenders warrants an enhanced penalty, thereby justifying the increase of Gifford's offense to a second degree felony. Since a second degree felony is punishable by up to 15 years imprisonment, the trial court concluded that Gifford's sentence is not illegal. The court also concluded that three other grounds asserted by Gifford in his motion were without merit; as to those grounds, we agree that Gifford's claims were without merit.
The lower court erred in concluding that the attempted sexual battery could be enhanced from a third degree felony to a second degree felony. Section 794.023 provides:
(1) The Legislature finds that an act of sexual battery, when committed by more than one person, presents a great danger to the public and is extremely offensive to civilized society. It is therefore the intent of the Legislature to provide enhanced penalties for acts of sexual battery committed by more than one person.
(2) The penalty for a violation of s. 794.011 shall be increased as provided in this subsection if it is charged and proven by the prosecution that, during the same criminal transaction or episode, more than one person committed an act of sexual battery on the same victim.
(a) A felony of the second degree shall be punishable as if it were a felony of the first degree.
(b) A felony of the first degree shall be punishable as if it were a life felony.
This subsection does not apply to life felonies or capital felonies. For purposes of sentencing under chapter 921 and determining incentive gain-time eligibility under chapter 944, a felony offense which is reclassified under this subsection is ranked one level above the ranking under s. 921.0012 or s. 921.0013 of the offense committed.
The statute refers to the crime of sexual battery, not attempted sexual battery. The statute makes no provision for enhancing third degree felonies, such as the attempted sexual battery in this case, to second degree felonies. Applying the rule that statutes defining criminal conduct are to be strictly construed, we hold that section 794.023 does not apply to the crime of attempted sexual battery. See § 775.021(1), Fla. Stat. (1997).
The fifth district reached a similar conclusion concerning section 794.023 in Velasquez v. State, 657 So.2d 1218 (Fla. 5th DCA 1995), holding that an attempted sexual battery could not be enhanced under that statute, even though there were multiple perpetrators involved:
[A] close reading of section 794.023 shows that it fails to address attempted sexual battery, and the enhancement provisions relate only to second degree felonies and first degree felonies. The crime for which Velasquez was charged and convicted is a third degree felony, and his crime was an attempt, not a battery. Thus, the enhancement statute does not, on its face, apply to this case. Although some might argue this was a mere legislative drafting oversight, we are bound to give criminal statutes a strict construction. Unless the Legislature clearly defines a particular act as a certain kind of crime, we cannot declare it to be so by judicial construction. This policy applies to the application of enhanced punishment statutes as well as substantive criminal laws.
Id. at 1219 (emphasis in original) (footnotes omitted).
Gifford's 15 year sentence is illegal, since attempted sexual battery is a third degree felony punishable by up to five years in prison. An illegal sentence is *1048 "one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines." State v. Callaway, 658 So.2d 983, 988 (Fla.1995), receded from on other grounds, Dixon v. State, 730 So.2d 265 (Fla.1999); see State v. Mancino, 714 So.2d 429 (Fla.1998) (discussing illegal sentence in context of claim for credit for jail time). Post-conviction relief is not precluded, even though Gifford was sentenced pursuant to a negotiated plea. A defendant cannot by virtue of a plea bargain confer upon a court the authority to impose an illegal sentence. See Larson v. State, 572 So.2d 1368, 1371 (Fla. 1991); Jones v. State, 664 So.2d 1116, 1117 (Fla. 4th DCA 1995); Dominguez v. State, 669 So.2d 1171 (Fla. 3d DCA 1996).
We reverse the trial court's order denying post-conviction relief. On remand, the illegal sentence shall be vacated, and the trial court shall either impose a lawful sentence if the state agrees or permit Gifford to withdraw his plea and proceed on the original charges. See Shelton v. State, 739 So.2d 1235 (Fla. 4th DCA 1999); Hawes v. State, 712 So.2d 834 (Fla. 4th DCA 1998); Dominguez; Ruiz v. State, 537 So.2d 682 (Fla. 3d DCA 1989).
SHAHOOD, GROSS and TAYLOR, JJ., concur.