761 So.2d 1244 (2000)
STATE of Florida, Appellant,
v.
Jose G. LAZO, Appellee.
No. 2D99-4337.
District Court of Appeal of Florida, Second District.
July 12, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne S. Weiner, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellee.
THREADGILL, Acting Chief Judge.
The State appeals the imposition of drug offender probation for the offense of driving while license suspended or revoked. We reverse.
On September 15, 1999, the appellee, Jose G. Lazo, entered a plea of nolo contendere to possession of cocaine, a violation of section 893.13(6)(a), Florida Statutes (1997), and felony driving while license suspended or revoked, a violation of sections 322.34(5) and 322.264, Florida Statutes (1997). Both offenses were third-degree felonies. The guidelines scoresheet, which scored possession of cocaine as the primary offense, indicated a total guidelines score of 127.9 for a sentencing range of 74.925 to 124.875 months in prison. At sentencing, over the State's objection, the trial court sentenced Lazo on both offenses to concurrent four-year terms of drug offender probation pursuant to section 948.034(2), Florida Statutes (1997).
On appeal, the State concedes that the trial court properly exercised its discretion to impose drug offender probation for the cocaine possession charge, but argues that the trial court erred in imposing concurrent drug offender probation on the felony DWLSR charge. We agree.
Section 948.034(2) provides that any person who violates section 893.13(6)(a) or other specifically enumerated sections may, in the discretion of the trial court, be placed on drug offender probation in lieu of serving a term of imprisonment. The plain language of section 948.034(2) unambiguously indicates that it applies only to violations of the specific provisions referenced in the statute. Possession of cocaine is one of the enumerated offenses. Driving on a suspended or revoked driver's license is not. The trial court incorrectly reasoned that the statute applied to *1245 the felony DWLSR in this instance, simply because Lazo was sentenced on that charge at the same time he was sentenced on the cocaine possession charge. The trial court therefore erred in imposing drug offender probation on the DWLSR offense, as the statute does not apply to that offense.
Nor can drug offender probation on the felony DWLSR be justified as a downward departure sentence, based on Lazo's apparent drug addiction. A defendant's drug addiction and amenability to rehabilitation are no longer valid reasons for a downward departure from sentencing guidelines. See § 921.0016(5), Fla. Stat. (1997); see also State v. Norris, 724 So.2d 630 (Fla. 5th DCA 1998).
Therefore, based on the foregoing reasons, we reverse and remand this cause for resentencing.
WHATLEY and NORTHCUTT, JJ., Concur.