816 So.2d 759 (2002)
Seth ELLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1319.
District Court of Appeal of Florida, Fourth District.
May 8, 2002.
Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
*760 HAZOURI, J.
Appellant was charged by information with armed robbery (count I), aggravated fleeing or eluding (count II), battery on a law enforcement officer (count III), resisting arrest with violence (count IV), criminal mischief over $1,000 (count V) and misdemeanor culpable negligence (count VI). Following a jury trial, the trial court granted a judgment of acquittal on count VI. Appellant was found not guilty of count I. He was found guilty and convicted of counts II V. The trial court orally pronounced that Appellant was sentenced on the aggravated fleeing offense (count II) to the minimum 10 years in prison as a habitual violent felony offender. The trial court sentenced Appellant on counts III, IV and V to five years drug offender probation, each count running concurrent to each other and consecutive to the 10 year sentence. Appellant challenges his conviction and sentence. We affirm Appellant's conviction, but remand for re-sentencing and write to address the sentencing issues.
Appellant argues that his sentence on count II as a habitual violent felony offender should be reversed because the trial judge was not aware that sentencing as a habitual violent felony offender was permissive, not mandatory. See State v. Hudson, 698 So.2d 831, 832 (Fla.1997) ("[S]entencing under the habitual offender statute is permissive, not mandatory. This discretion extends to sentencing under both section 775.084(4)(a), Florida Statutes (1995), the habitual felony offender provision, and section 775.084(4)(b), the habitual violent felony offender provision."). The State does not dispute that sentencing as a habitual felony offender is permissive but argues that the trial judge was aware that sentencing was permissive.
At the sentencing hearing, the State requested sentencing as a habitual violent offender, based on a prior adjudication withhold for strong-armed robbery and burglary of an occupied conveyance. Defense counsel argued that Appellant should not be sentenced as a habitual violent offender based on a withhold adjudication which occurred when Appellant was a youthful offender and for which Appellant successfully completed probation. The trial judge indicated, "The legislature made its ruling, and whether I agreed with it or not it's up to the legislature." He then stated, "The State having met it's burden, I believe I'm compelled to find him a habitual violent felony offender."
The trial judge's indication that he was "compelled" to find Appellant a habitual violent felony offender, when viewed in isolation, may be interpreted to mean that the trial judge felt compelled to follow the State's recommendation based on the evidence before it. However, the trial judge's statement, "The legislature made it's ruling, and whether I agreed with it or not it's up to the legislature," indicates that the trial judge may have been under the mistaken impression that he lacked any discretion in the matter. We reverse Appellant's sentence as a habitual violent felony offender on count II and remand for the trial judge to reconsider the matter in light of this opinion.
Appellant also argues the trial court erred when it sentenced him to concurrent terms of five years drug offender probation on the battery on a law enforcement officer offense (count III), a violation of section 784.03(1)(b), resisting arrest with violence offense (count IV), a violation of section 843.01, and criminal mischief offense (count V), a violation of section 806.13(1)(a), because these are not section 893.13 enumerated offenses as set forth in section 948.034(2), Florida Statutes (Supp. 1998) for placement on drug offender probation.
*761 The State does not dispute that Appellant was sentenced to drug offender probation under section 948.034, but argues that he was sentenced pursuant to subsection (1)(a), not subsection (2) as asserted by Appellant.[1] The State asserts that unlike subsection (2), there is no requirement in subsection (1)(a) that a defendant have committed an enumerated offense under section 893.13 for sentencing to drug offender probation.
Section 948.034, Florida Statutes (Supp. 1998) provides in pertinent part:
(1) On or after October 1, 1993, any person who violates s. 893.13(1)(a)1., (1)(c)2., (1)(d)2., (2)(a)1., or (5)(a) may, in the discretion of the trial court, be required to successfully complete a term of probation in lieu of serving a term of imprisonment as required or authorized by s. 775.084, former s. 921.001, or s. 921.002, as follows:
(a) If the person has not previously been convicted of violating s. 893.13(1)(a)1., (1)(c)2., (1)(d)2., (2)(a)1., or (5)(a), adjudication may be withheld and the offender may be placed on probation for not less than 18 months, as a condition of which the court shall require the offender to reside at a community residential drug punishment center for 90 days....
(b) If the person has been previously convicted of one felony violation of s. 893.13(1)(a)1., (1)(c)2., (1)(d)2., (2)(a)1., or (5)(a), adjudication may not be withheld and the offender may be placed on probation for not less than 24 months, as a condition of which the court shall require the offender to reside at a community residential drug punishment center for 180 days....
. . .
(2) On or after October 1, 1993, any person who violates s. 893.13(1)(a)2., (2)(a)2., (5)(b), or (6)(a) may, in the discretion of the trial court, be required to successfully complete a term of probation in lieu of serving a term of imprisonment as required or authorized by s. 775.084, former s. 921.001, or s. 921.002, as follows:
(a) If the person has not previously been convicted of violating s. 893.13(1)(a)2., (2)(a)2., (5)(b), or (6)(a), adjudication may be withheld and the offender shall be placed on probation for not less than 12 months, as a condition of which the court may require the offender to comply with one or more of the following terms and conditions ...
(b) If the person has been previously convicted of one felony violation of s. 893.13(1)(a)2., (2)(a)2., (5)(b), or (6)(a), adjudication may not be withheld and the offender may be placed on probation for not less than 18 months, as a condition of which the court shall require the offender to reside at a community residential drug punishment center for 90 days....
(Emphasis added). Section 948.034 unambiguously applies only when a defendant is being sentenced for certain chapter 893 drug-related offenses. See Jones v. State, 27 Fla. L. Weekly S82, S85 n. 2 (Fla. Jan. 24, 2002) (section 948.034 concerns certain chapter 893 drug-related offenses); State v. Lazo, 761 So.2d 1244, 1244 (Fla. 2d DCA 2000), rev. denied, 790 So.2d 1105 (Fla. 2001) ("The plain language of section 948.034(2) unambiguously indicates that it *762 applies only to violations of the specific provisions referenced in the statute."). Subsection (1) applies when a defendant is being sentenced for certain chapter 893 drug-related offenses classified as second degree felonies. Subsection (1)(a) applies when the defendant sentenced for the second degree drug related offense has not previously been convicted of that offense, while subsection (1)(b) applies when the defendant has been previously convicted of that offense. Subsection (2) applies when a defendant is being sentenced for certain chapter 893 drug-related offenses classified as third degree felonies. Subsection (2)(a) applies when the defendant sentenced for the third degree drug related offense has not previously been convicted of that offense, while subsection (2)(b) applies when the defendant has been previously convicted of that offense.
Whether Appellant was sentenced pursuant to subsection (1)(a), as urged by the State, or pursuant to subsection (2), as urged by Appellant, is irrelevant. As Appellant was not convicted of violating any of the listed drug-related offenses, he could not be sentenced to drug offender probation pursuant to any subsection under section 948.034. Therefore, the trial court erred when it sentenced him to concurrent terms of five year drug offender probation on counts III, IV and V. Accordingly, we reverse his sentence on these counts and remand for re-sentencing.
Appellant further argues that the disposition slip erroneously includes an assessment for a "$50 SNI Fee," which must be corrected to conform with the trial court's orally pronounced sentence on counts III, IV and V. The disposition slip includes an assessment for a "$50 SNI Fee," which was not orally pronounced and which does not reference any statutory authority.
Where a written order does not conform to the court's oral pronouncement of judgment and sentence, the oral pronouncement prevails. Tory v. State, 686 So.2d 689 (Fla. 4th DCA 1996); see also Avery v. State, 543 So.2d 296, 297 (Fla. 5th DCA 1989). However, if the state does not concede the error was clerical, a conflict between the written order and the oral pronouncement requires a factual resolution by the trial court. Tory, 686 So.2d at 691.
The State does not concede the discrepancy is a clerical error. Neither Appellant nor the State know what the "$50 SNI fee" is. The State asserts the "this fee is possibly for the Safe Neighborhoods Improvement Trust Fund." (emphasis added). However, the State is not sure and does not know whether it is a general or special condition of probation. The State offers that it may have been recommended by the Department of Corrections in the presentence investigation report or it may be a condition of drug offender probation. The written order does not reference any statutory authority for the imposition of this fee. We remand for clarification. See Mosely v. State, 659 So.2d 1342, 1344 (Fla. 5th DCA 1995) (remanding for a hearing to determine the actual sentence intended where State does not concede that inconsistency between the oral sentencing pronouncement and the written order is a result of clerical error).
POLEN, C.J., concurs.
MAY, J., concurring in part and dissenting in part.
MAY, J., concurring in part and dissenting in part.
I agree with the majority's decision on all issues except the drug offender probation part of the sentence. On that issue, I must respectfully dissent.
*763 A review of the sentencing hearing and the disposition order reveals that the trial court placed the defendant on "drug offender probation" on counts 3-5, following his term of incarceration on count 2. Initially the court placed the defendant on straight probation, but in the final pronouncement, he added the words "drug offender."
"Drug offender probation" is defined in 948.001(4) as "a form of intensive supervision which emphasizes treatment of drug offenders in accordance with individualized treatment plans administered by officers with restricted caseloads. Caseloads should be restricted to a maximum of 50 cases per officer in order to ensure an adequate level of staffing." It is often used where a trial court is aware of an offender's need for substance abuse treatment, and believes that the offender is in need of intensive supervision while on probation. Thus, the focus of the statute is not to impose an enhanced penalty upon the probationer, but instead serves the salutary purpose of providing additional assistance to the probationer in his effort to conquer his substance abuse problem and avoid future incarceration.
The record in this case reveals that the defendant had a substance abuse problem. At the sentencing hearing, the trial court noted: "On that night, even in his Presentence, on weekends he would drink some Hennessy and smoke some marijuana laced with cocaine, gets into his mother's van under the influence. He wasn't charged with D.U.I,[sic] but he was drinking and smoking, using cocaine that night." In fact, his attorney stated during the sentencing: "but if the Court could fashion a sentence of several years in prison to be followed by harsh supervision where this money could be paid back. If he doesn't get the supervision in prison as far as drug treatment, as a special condition hang over his head of being violated." There was no objection made to his placement on drug offender probation at the sentencing hearing, and the record reflects the appropriateness of this form of supervision.
The term "drug offender probation" appears in only two places in chapter 948, the definition section noted above and in section 948.01(13). The remainder of the chapter speaks in terms of "probation" or "community control" and describes various conditions that can be made a part of those forms of supervision. Section 948.01(13), Florida Statutes (2001) specifically provides:
If it appears to the court upon a hearing that the defendant is a chronic substance abuser whose criminal conduct is a violation of s. 893.13(2)(a) or (6)(a), the court may either adjudge the defendant guilty or stay and withhold the adjudication of guilt; and, in either case, it may stay and withhold the imposition of sentence and place the defendant on drug offender probation.
§ 948.10(13), Fla.Statute (2001). This provision appears to restrict its use to violations of section 893.13. Indeed, the Florida Supreme Court recently indicated that the statute is limited to those offenses. Jones v. State, 27 Fla. L. Weekly S82 (Fla. Jan. 24, 2002). But, neither the sentencing hearing nor the disposition order reflects a reliance on this specific provision of chapter 948.
The majority correctly concludes that section 948.034 cannot serve as the basis for the placement of the defendant on "drug offender probation." I agree with this conclusion, but dissent from the decision because section 948.034 is neither the drug offender probation statute nor the provision under which the trial court sentenced the defendant.
The briefs focused on this provision in arguing whether drug offender probation *764 could be imposed, but a reading of the statute reveals that it is inapplicable to the issue presented in this case. Section 948.034 is entitled "Terms and conditions of probation; community residential drug punishment centers." It is an alternative sentencing provision, which allows a trial court to sentence an offender to a residential drug punishment center in lieu of incarceration. See State v. Lazo, 761 So.2d 1244 (Fla. 2nd DCA 2000), rev. denied, 790 So.2d 1105 (Fla.2001). The confusion as to whether this is the "drug offender probation" statute seems to have been caused by the Second District Court of Appeal's use of the term "drug offender probation" in its Lazo opinion. I agree with the majority that this provision is limited to enumerated crimes under chapter 893, but this is not the provision under which the defendant was sentenced.
Thus, while a sentence under 948.01(13) or 948.034 may be restricted to violations of chapter 893.13, I see no reason why a trial court cannot use the more intensive form of supervision defined by section 948.011(4) known as "drug offender probation." I would therefore affirm that part of his sentence.
NOTES
[1] The dissent asserts that there was no objection made to placement on drug offender probation at the sentencing hearing. However, defense counsel objected to placement on drug offender probation through a Rule 3.800(b)(2) Motion to Correct Sentencing Errors.