839 So.2d 736 (2003)
James P. PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-3067.
District Court of Appeal of Florida, First District.
January 23, 2003.
Rehearing Denied March 17, 2003.
Appellant, pro se.
*737 Robert A. Butterworth, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his rule 3.800(a) motion, in which he alleged that the trial court erred in sentencing him to drug offender probation when he was not convicted of violating a drug related offense. We reverse.
Section 948.034, Florida Statutes (2001), sets forth the terms and conditions of probation in a community residential drug punishment center for offenders committing specifically enumerated drug offenses in chapter 893, Florida Statutes (2001). A defendant must be convicted of one of the enumerated chapter 893 offenses in order to qualify for a drug offender probation sentence pursuant to section 948.034. See Ellis v. State, 816 So.2d 759, 760 (Fla. 4th DCA 2002). In the present case, the appellant alleges that he was convicted only of grand theft pursuant to section 812.014(2)(a), Florida Statutes (2001). Because grand theft is not one of the enumerated chapter 893 drug offenses, the appellant's drug offender probation was imposed in violation of section 948.034. See Ellis, 816 So.2d at 762.
We therefore reverse the trial court's summary denial of the appellant's motion to correct his illegal sentence and remand for the trial court to attach record portions that conclusively refute the appellant's claim, or to resentence the appellant without the drug offender probation.
REVERSED and REMANDED.
BARFIELD, KAHN and PADOVANO, JJ., concur.