PER CURIAM.
Kenyatah Cooper contends that a summary reversal is warranted in her case because no record was made of her revocation of probation and sentencing hearing, and a record cannot be effectively reconstructed. Further, Ms. Cooper’s counsel suggests that a remand should be with instructions to conduct no further proceedings in this matter. The State agrees and joins in the request that the reversal be with instructions to conduct no further proceedings. Therefore, we reverse.
In June 2001, Ms. Cooper received 364 days in county jail after she was found in violation of drug offender probation. Ms. Cooper apparently admitted to the violation; however, the trial court proceeded with her revocation and sentencing hearing without having a court reporter pres *310 ent and without having an electronic recording of the proceeding made. Florida Rule of Judicial Administration 2.070(g) requires criminal proceedings to be reported. Without a record of the revocation and sentencing hearing, neither Ms. Cooper’s appellate counsel nor this court can provide sufficient, meaningful appellate review. See generally Freeman v. State, 804 So.2d 484 (Fla. 2d DCA 2001); Jones v. State, 780 So.2d 218 (Fla. 2d DCA 2001).
In this case, Ms. Cooper has completed her sentence. She cannot be located, and the record cannot be reconstructed. In fight of these facts, we agree summary-reversal is appropriate.
Reversed with instructions that no further proceedings are necessary.
CASANUEVA, SILBERMAN, and KELLY, JJ., Concur.