855 So.2d 687 (2003)
Roger GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4340.
District Court of Appeal of Florida, Second District.
October 1, 2003.
James Marion Moorman, Public Defender, Tampa, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Roger Green appeals his conviction for possession of ecstasy with intent to sell. Green argues that his conviction should be reversed and the case remanded for a new trial because, through no fault of his own, a complete transcript of his trial is unavailable. We agree.
Several portions of the transcript of Green's jury trial are absent from the record, such as the testimony of two State's witnesses, Green's own testimony, judgment of acquittal arguments, closing arguments, the trial court's charge to the jury, and the jury's rendition of the verdict. This court relinquished jurisdiction for the trial court to reconstruct the missing portions of the record; however, the trial court was unable to reconstruct an accurate record due to problems with the court reporter. Green filed a motion to reverse due to the lack of a complete record, and the State responded that it is unable to show cause why Green's conviction should not be reversed.
Without a complete record, Green's appellate counsel is unable to review several portions of the trial to determine if reversible error exists. See Cooper v. State, 845 So.2d 309 (Fla. 2d DCA 2003); Jones v. State, 780 So.2d 218 (Fla. 2d DCA 2001). Because Green is prejudiced through no fault of his own, we reverse his judgment and sentence and remand for a new trial.
Reversed and remanded.
NORTHCUTT, CASANUEVA, and KELLY, JJ., Concur.