855 So.2d 687 (2003)
Bruce Michael BUSWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3806.
District Court of Appeal of Florida, Second District.
October 1, 2003.
James Marion Moorman, Public Defender, and Douglas S. Connor, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Bruce Michael Buswell correctly contends, and the State correctly concedes, *688 that the trial court erred in denying his motion to correct sentence in which he asserted that the trial court erred in placing him on drug offender probation as a sanction for his conviction of driving while license suspended. See Jones v. State, 813 So.2d 22, 25 (Fla.2002) ("Section 948.01(13) [providing for drug offender probation]... applies only to violations of chapter 893, which defines nonviolent drug crimes."); State v. Lazo, 761 So.2d 1244 (Fla. 2d DCA 2000) ("The plain language of section 948.034(2) [the 1997 provision allowing drug offender probation] unambiguously indicates that it applies only to violations of the specific provisions referenced in the statute.... Driving on a suspended or revoked driver's license is not."). Accord Ellis v. State, 816 So.2d 759 (Fla. 4th DCA 2002).
Accordingly, we affirm Buswell's convictions but we reverse Buswell's sentence for driving while license suspended and remand for resentencing with directions consistent with this opinion.
STRINGER and KELLY, JJ., Concur.