936 So.2d 730 (2006)
Jynio PHILIUS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-1555.
District Court of Appeal of Florida, First District.
August 17, 2006.
Jeffrey Schwarz, of Schwarz & Arrick, P.A., North Miami Beach, for Appellant.
*731 Charlie Crist, Attorney General, and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant appeals the trial court's summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the appellant's three-year mandatory minimum sentence is not authorized by the statute which he was convicted of violating, we reverse.
The appellant was charged with and pled no contest to violating section 893.13(6)(c), Florida Statutes (2003). Section 893.13(6)(c) states that any person who violates the statute is guilty of a first-degree felony, punishable as provided in sections 775.082, 775.083, or 775.084. However, none of these statutes provide for a three-year mandatory minimum. The trial court based the denial of the appellant's motion on the fact that section 893.135(1)(k)2.a., Florida Statutes, authorizes the imposition of a three-year mandatory minimum for possession of more than 10 grams of MDMA. However, the appellant was clearly charged and convicted of violating section 893.13(6)(c), which does not contain a mandatory minimum. The fact that the appellant specifically agreed to this sentence in his plea agreement does not prevent him from raising this claim in a postconviction motion. Darling v. State, 886 So.2d 417, 418 (Fla. 1st DCA 2004). Because the appellant's three-year mandatory minimum sentence is unauthorized by section 893.13(6)(c), Florida Statutes, the trial court erred in denying the appellant's motion.
We, therefore, reverse the trial court's order and remand for resentencing. We note that the state may either agree to the resentencing or withdraw from the original plea agreement. Bruno v. State, 837 So.2d 521, 523 (Fla. 1st DCA 2003).
REVERSED and REMANDED.
KAHN, C.J., DAVIS and BROWNING, JJ., concur.