955 So.2d 642 (2007)
Ronald EPPERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-211.
District Court of Appeal of Florida, Fourth District.
May 2, 2007.
*643 Ronald Epperson, Panama City, pro se.
Bill McCollum, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Ronald Epperson appeals from an order summarily denying his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure.
Epperson was charged with (I) burglary of a dwelling and (II) grand theft. Pursuant to a negotiated plea, the state reduced count I to attempted burglary, and Epperson was sentenced to five years as a prison releasee reoffender for the first count and to a consecutive term of drug offender probation for count II, with the special condition of attending and completing Palm Beach County's drug farm. After the time expired for filing a rule 3.850 motion, he filed a rule 3.800(a) motion, challenging as illegal the fact that his probation imposed for count II is drug offender probation and the fact that it was imposed with the special condition of attending and completing Palm Beach County's drug farm. The trial court summarily denied the motion without any explanation or attachments, and Epperson appealed.
A court may not impose drug offender probation other than for the violation of a drug related offense listed in the drug offender probation statute, section 948.034, and grand theft is not enumerated as a drug related offense. Ellis v. State, 816 So.2d 759, 761-62 (Fla. 4th DCA 2002); Parker v. State, 839 So.2d 736 (Fla. 1st DCA 2003). Further, a reasonable nexus must exist between any special condition of probation and the crime for which it is imposed. See Bell v. State, 652 So.2d 1192 (Fla. 4th DCA 1995).
The imposition of drug offender probation and related conditions, when the trial court lacks authority to do so, is cognizable in a rule 3.800(a) motion. See Anderson v. State, 941 So.2d 446 (Fla. 4th DCA 2006); Parker.
Accordingly, we reverse and remand for further proceedings. Unless the trial court is able to attach portions of the record that refute Epperson's claim, he appears to be entitled to relief. If Epperson is entitled to relief from this drug offender probation, and if the sentence was imposed pursuant to a negotiated plea, the trial court should either strike the unlawful drug offender portion of the probation and the related drug farm condition if the *644 state agrees, or permit Epperson to withdraw his plea and proceed on the original charges. E.g., Gifford v. State, 744 So.2d 1046 (Fla. 4th DCA 1999) (reversing summary denial of rule 3.800(a) motion challenging fifteen-year sentence imposed for third degree felony pursuant to negotiated plea, with directions to impose lawful sentence if the state agrees or to allow defendant to withdraw plea and proceed on original charges); Philius v. State, 936 So.2d 730 (Fla. 1st DCA 2006) (reversing summary denial of rule 3.800(a) motion because three-year minimum mandatory sentence was not authorized by the statute defendant was convicted of violating, and remanding for resentencing; providing, however, that the state may either agree to the resentencing or withdraw from the plea agreement).
Reversed and Remanded for Further Proceedings.
SHAHOOD, GROSS and HAZOURI, JJ., concur.