974 So.2d 591 (2008)
Craig Ward WISENBAUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-4656.
District Court of Appeal of Florida, Fourth District.
February 20, 2008.
Craig Ward Wisenbaugh, Jasper, pro se.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The appellant challenges the imposition of his drug-offender probation after entering a plea to burglary of a conveyance and grand theft. The lower court denied relief without the attachment of any records conclusively refuting the allegation. While the lower court order quotes a portion of the record that would appear to refute the allegations, showing the appellant specifically requested this sanction, the records were not attached. See Epperson v. State, 955 So.2d 642 (Fla. 4th DCA 2007). While relief would not be forthcoming if the appellant "specifically agreed to such probation in a plea agreement," Ackermann v. State, 962 So.2d 407, 408 (Fla. 1st DCA 2007), the lack of any record attachments requires us to reverse. As we did in Epperson, we send the case back to the lower court for the attachment of any records that conclusively refute the allegations, or for the court to grant relief if no such records exist.
Reversed and Remanded for Further Proceedings.
POLEN, KLEIN and MAY, JJ., concur.