MAY, J.
 

 The trial court’s attempt to fashion an appropriate sentence for a substance abusing offender is questioned in this appeal. After entering a plea, the defendant appeals the denial of his Rule 3.800(a) motion, challenging the legality of his sentence to drug offender probation. He argues that the trial court erred in sentencing him to drug offender probation for non-drug charges. Legally, he is correct, which requires us to reverse. However, recent changes in the drug offender probation statute will now eliminate this issue in the future.
 

 The defendant entered a negotiated plea, on charges of grand theft, and burglary of a conveyance. The State agreed to dismiss two other charges. The sentence was left open. At the plea hearing, the court advised the defendant he could receive up to 20 years in prison and/or probation. He was not specifically advised that the court could impose drug offender probation; and the defendant did not expressly agree to drug offender probation or placement in a drug treatment facility.
 

 At the sentencing hearing, the defendant’s mother expressed her concerns about “the terrible nature of [the defendant’s] drug addiction” and how it has affected her and the defendant’s twelve-year-old daughter. The court asked whether the defendant had ever received treatment for his drug addiction and his mother indicated that he had been in and out of programs, but nothing had helped. Defense counsel acknowledged the defendant’s need for residential treatment.
 

 The trial court found that the defendant’s crimes were related to his drug addiction and sentenced him to five years in prison, followed by two years community control and two years drug offender probation. As a condition of drug offender probation, the defendant was to be placed in Avon Park Correctional Institution or other facility that provided a drug treatment program.
 

 The defendant filed neither a direct appeal nor a Rule 3.850 motion. He did file, however, a Rule 3.800(a) motion, arguing that the court illegally imposed drug offender probation for crimes other than those enumerated under the drug offender probation statute.
 
 See
 
 § 948.034, Florida Statutes (2008). The trial court denied the defendant’s motion based on the State’s response.
 

 The defendant’s extensive record, his mother’s testimony concerning his substance abuse, and his counsel’s recognition of the problem all led the trial court to fashion a sentence to not only rehabilitate the defendant, but enhance public safety by preventing further criminal activity. Yet, the existing statutory scheme did not allow for this sentence. Prior to July, 2009, placement on drug offender probation was restricted to those crimes enumerated in section 948.034.
 
 [1]
 

 See Beals v. State,
 
 14 So.3d 286, 287 (Fla. 4th DCA
 
 *662
 
 2009). The defendant was not charged with one of the enumerated crimes.
 

 For this reason, we must reverse the denial of the defendant’s Rule 3.800(a) motion and remand the case to the trial court for resentencing. This does not preclude the trial court from fashioning a sentence that will require substance abuse treatment as a special condition to probation since the record reflects the connection between the commission of the crimes and the defendant’s substance use.
 
 Id.
 

 Reverse and Remand.
 

 POLEN and GERBER, JJ., concur.
 

 [1]
 

 . Effective July 1, 2009, section 948.20, Fla. Stat., the drug offender probation statute, was amended to be applicable to other nonviolent felonies committed on or after July 1, 2009, where the defendant's scoresheet total sentence points are 52 or fewer.