IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

GEORGE REYNOLDS,

      Appellant,

v.                                        Case No.  5D15-4347

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 11, 2016

3.800 Appeal from the Circuit Court
for Volusia County,
Randell H. Rowe, III, Judge.

George Reynolds, Bushnell, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee.


LAMBERT, J.

Appellant, George Reynolds ("Reynolds"), appeals an order summarily denying his

Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence.  Reynolds

contends that at the time of his offense,[1] the court was without authority to impose drug

offender probation or "drug offender probation conditions" and that the written order of

---

[1] *Allen v. State*, 383 So. 2d 674, 675 (Fla. 5th DCA 1980) (noting that the court must apply the law that was in effect at the time the crime was committed) (citing *Ellis v. State*, 298 So. 2d 527 (Fla. 2d DCA 1974)).

drug offender probation is inconsistent with the court's oral pronouncement of sentence. We agree.

Following a motor vehicle accident in 2008, Reynolds was charged with (1) DUI manslaughter, (2) DUI resulting in personal injury, and (3) vehicular homicide. Reynolds reached an agreement with the State where he would tender an open nolo contendere plea to the charge of vehicular homicide and, in consideration, the State would dismiss the other two charges. In November 2009, Reynolds tendered his plea and was sentenced to serve ten years in prison, followed by five years of probation with "drug offender probation" conditions, together with additional special conditions of probation that were orally pronounced. However, the written order entered by the court was for drug offender probation. Reynolds did not file a direct appeal.

Rule 3.800(a) allows a defendant to petition the court to correct an illegal sentence if entitlement to relief can be demonstrated on the face of the record. *Johnson v. State*, 60 So. 3d 1045, 1049 (Fla. 2011) (citing *Williams v. State*, 957 So. 2d 600, 602 (Fla. 2007)). "The legality of a sentence is a question of law and is subject to de novo review." *Flowers v. State*, 899 So. 2d 1257, 1259 (Fla. 4th DCA 2005) (citing *Wardlaw v. State*, 832 So. 2d 258 (Fla. 2d DCA 2002)).

The trial court's "Order of Drug Offender Probation" is illegal for two reasons. First, the order is inconsistent with the trial court's oral pronouncement of probation with "drug offender probation conditions." *See Williams*, 957 So. 2d at 603 ("[A] written sentence that conflicts with the oral pronouncement of sentence imposed in open court is an illegal

sentence.").[2]  Second, at the time Reynolds committed his crime, placement on drug offender probation was restricted to those crimes enumerated in the drug offender probation statute.  *See Morris v. State*, 26 So. 3d 660, 661 (Fla. 4th DCA 2010) (citing § 948.034 (Fla. Stat. (2008)); *Epperson v. State*, 955 So. 2d 642, 643 (Fla. 4th DCA 2007) (citation omitted).  Moreover, the imposition of "standard probation with 'drug offender probation conditions'" does not remedy the illegality of the sentence.  *See Epperson*, 955 So. 2d at 643 ("The imposition of drug offender probation and related conditions, when the trial court lacks authority to do so, is cognizable in a rule 3.800(a) motion.").  Vehicular homicide is not one of the listed crimes in the drug offender probation statute, *see* § 948.034, Fla. Stat. (2007), nor did Reynolds agree to the imposition of drug offender probation at the time of his open plea to the court.  *Cf. Andrew v. State*, 988 So. 2d 158, 159 (Fla. 4th DCA 2008) (recognizing that a defendant may not be sentenced to drug offender probation unless he has been convicted of an enumerated drug offense or has specifically agreed to such probation in a plea agreement).

The trial court, in addition to placing Reynolds on standard probation with drug offender probation conditions, also orally announced the following special conditions of probation:  (1)"absolutely no alcohol, no drugs"; (2) "subject to random urinalysis"; (3) "subject to a warrantless search of his person, residence and car"; (4) "submit to a

---

[2] In the order on appeal denying Reynolds' motion, the postconviction court recognized the inconsistency when it directed the Office of Probation and Parole to correct the "clerical error" in the order of drug offender probation to "properly reflect the court's sentence of standard probation with 'drug offender probation conditions.'"  In his initial brief, Reynolds questioned the authority of the lower court to "delegate its responsibility" to the Office of Probation and Parole to make this correction.  Our record does not indicate whether this "correction" was made, but our resolution of this appeal renders this issue moot.

substance abuse evaluation, comply with any recommended treatment, whether it be in-patient or out-patient, which would include any recommended aftercare, and [Reynolds] will pay for said treatment out of [his] own pocket"; (5) "[Reynolds] cannot go to any business whose primary purpose is the sale of alcohol, commonly referred to as a bar"; (6) "attend and successfully complete . . . an advanced DUI class;" (7) "attend and successfully complete an advanced defensive driving class"; (8) "attend and successfully complete the victim awareness program"; and (9) "perform 250 hours of community service." Reynolds has not challenged these special conditions of probation. Accordingly, we reverse the order denying Reynolds' motion to correct illegal sentence,[3] vacate the order of drug offender probation, and remand with directions that the court enter an order placing Reynolds on standard probation with the above special conditions of probation that were orally announced at sentencing.[4] Reynolds need not be present for the entry of this order.

REVERSED; ORDER OF DRUG OFFENDER PROBATION VACATED; REMANDED WITH DIRECTIONS.

BERGER and WALLIS, JJ., concur.

---

[3] In denying the motion, the postconviction court held that the issue raised by Reynolds was unsuccessfully raised in his earlier motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Reynolds' appeal of that order was affirmed. *Reynolds v. State*, 169 So. 3d 1195 (Fla. 5th DCA 2015) (unpublished table opinion). Reynolds counters that he did not raise the present issue in his prior motion. Rather than addressing either view, we note that in very limited circumstances, an appellate court does have the power to reconsider and correct erroneous rulings. *Coleman v. State,* 128 So. 3d 193, 194 (Fla. 5th DCA 2013) (citing *State v. Akins*, 69 So. 3d 261 (Fla. 2011)).

[4] The sentencing court also announced that, as a special condition of probation, Reynolds' driver's license was permanently revoked for life. This is not a special condition of probation. Rather, it is a term of his sentence.

-4-