PARIENTE, J.,
concurring in part and dissenting in part.
In this case, the Court has clearly struggled with two competing interests: the strong interest in ensuring that defendants who commit crimes of a sexual character receive both punishment and probation conditions that will assist in preventing future sexually-motivated crimes, and the due process requirement that conditions of probation be reasonably related to the crime for which the defendant was actually convicted. However, in this case the jury did not convict the defendant of a sex offense. Rather, as the majority explains, the defendant was convicted only of misdemeanor battery, and not of lewd and lascivious molestation. Majority op. at 48.
Accordingly, I concur with the result reached by the majority in Part II of the opinion that the trial court was without authority to order the defendant to undergo mentally disordered sex offender (MDSO) therapy as a special condition of probation after a jury acquitted the defendant of sexual misconduct. I agree that this condition of probation is invalid under *55 the test this Court enunciated in Biller v. State, 618 So.2d 734 (Fla.1993).
I dissent in part, however, because I disagree with the analysis in Part I of the opinion and would also conclude that -the trial court does not have the authority to impose the special condition of probation of “sex offender treatment” under section 948.30(1), Florida Statutes (2008), when the defendant is not convicted of one of the specified sex offenses enumerated in that section. I would hold, consistent with the Fourth District Court of Appeal in Sturges v. State, 980 So.2d 1108 (Fla. 4th DCA 2008), and the Fifth District Court of Appeal in Arias v. State, 65 So.3d 104, 105 (Fla. 5th DCA 2011), that sex offender treatment is limited under, section 948.30(1) as a condition to probation only to the enumerated felonies • of section 948.30(1), which are specific sex offenses.[6] Because the jury in this case acquitted the defendant of a sex offense outlined in section 948.30(1), the trial court did not have the authority to impose one of the probationary conditions set forth in section 948.30(1) for an offense that is not enumerated in-the statute. I thus agree with the Fourth District Court of Appeal’s opinion in Sturges, which construed the statute to provide that the probationary conditions under section 948,30(1) can be imposed only if the defendant is convicted of one of the enumerated felonies.
This interpretation of section 948.30(1) follows from the text of the statute and the rules of statutory construction. As this Court has consistently explained, legislative intent “is determined primarily from the statute’s text,” and, in any case of statutory interpretation,- this Court must begin with the “actual language used in the statute.” Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 198 (Fla.2007). Then, if -statutory language is “susceptible to more than one reasonable interpretation,” this Court applies “rules of statutory construction” — such as reading each word and part of the statute together — “to determine the legislative intent behind the provision.” Id. at 198-99.
I begin with the actual language used in the statute. Section 948.30 is specifically entitled, “Additional terms and conditions of probation or community control for certain sex offenses.” (Emphasis added). The, statute provides in pertinent part that:
(1) Effective for probationers or community controllees whose crime was committed on or after October 1,1995, and who are placed under supervision for violation of chapter 791, s. 800.01, s. 827.071, s. 817.0135(5), or s. 8I7.0U5, the court must impose the following conditions in addition to all other standard and special conditions imposed:
(a) A, mandatory, curfew from 10 p.m. to 6 a.m. The court may designate another 8-hour period if the offender’s employment precludes the above specified time, and the alternative is recommended by the Department of Corrections. If the court determines that imposing a curfew would endanger the victim, the court may consider alternative sanctions.
[[Image here]]
.(c), Active participation in and successful completion of a sex. offender treatment program with qualified practitioners specifically trained to *56 treat sex offenders, at the probationer’s or community controllee’s own expense. If a qualified practitioner is not available within a 50-mile radius of the probationer’s or community controllee’s residence, the offender shall participate in other appropriate therapy.
§ 948.30(1), Fla. Stat. (2008) (emphasis added). Based on the plain language of the statute, section 948.30(1) does not authorize the conditions of probation it sets forth to be imposed for any offenses other than the statutorily enumerated sex offenses.
The majority concludes that section 948.30 mandates sex offender treatment for the enumerated sex offenses of that statute, yet concludes the statute does not preclude the trial court from imposing this sex offender treatment for other crimes as a special condition of probation under the trial court’s broad discretion so long as there is a reasonable relationship to rehabilitation under the Biller standards.
But there is no basis for the conclusion that a specific statutory condition of probation for certain sex offender crimes should be a basis for allowing a trial court to impose this type of condition on a defendant who is not convicted of a sex offense. The very notion of imposing sex offender probation for a crime that does not include a sexual element can cause unintended consequences.
First, the defendant, who was convicted only of simple battery by the jury, would now be stigmatized by being ordered to sex offender treatment. Not only does “sex offender treatment” as a special condition of probation require “successful completion” of the treatment, but the statute specifies that this treatment must occur at the probationer’s “own expense.” § 948.30(l)(c), Fla. Stat. And, of course, violation of a condition of probation may result in the revocation of probation and the imposition of a prison sentence. Additionally, although we are not aware of all of the requirements to successfully complete sex offender treatment, it is clear that the failure to admit that the defendant has engaged in deviant sexual behavior could itself be grounds for termination from the program and lead to a violation of probation. See Staples v. State, 161 So.3d 561 (Fla. 5th DCA 2014), rev. granted, 171 So.3d 120 (Fla.2015) (table decision). In fact, defense counsel made this point when strenuously objecting to this condition: .
The defense explained that in order to complete the Mentally Disordered Sexual Offender treatment, patients had to admit that they were indeed mentally disordered sexual offenders. They went on to argue that since Mr. Villanueva had maintained his innocence throughout his case, and was indeed acquitted of the sexual crime, he would not now admit that he was a sex offender. Thus, by maintaining his innocence he was effectively “set up” for a subsequent probation violation. The defense requested that the court allow Mr. Villanueva to go to an evaluation rather than treatment to at least determine if further therapy was necessary.
The court denied the request, and although it acknowledged that Mr. Villa-nueva was in fact only convicted of misdemeanor battery, ruled that it was sending him to sex offender therapy anyway because “he needs to learn that he can’t do that to children and family.” The court characterized the battery as a sexual offense in spite of the verdict, and declared that the jury “just didn’t find it to the same degree that the charging people did.”
While undoubtedly some forms of MDSO therapy might be a “good idea” for a defendant’s rehabilitation, there is no *57 basis for allowing trial courts to impose this type of condition unless the defendant is found guilty of a statutorily enumerated sex offense. Due to the inherent stigma attached to a sex offender-specific probation, it is critically important that only those offenders who have committed a statutorily enumerated sex offense are subject to this special probationary condition.
Under these circumstances, and because this type of probation is tailored to persons convicted of sex offenses, I would conclude, consistent with the statutory language and the prior jurisprudence of this Court in Biller requiring a condition of probation to have a reasonable relationship to the crime for which the offender was convicted, that the trial court lacked the authority to impose “sex offender treatment” as a special condition of probation for the defendant’s conviction of misdemeanor battery.
Accordingly, I concur in part with the result of the majority that sex offender probation was not a valid special condition of probation in this case but dissent to the majority’s interpretation of section 948.30. I would construe the statute that governs “additional terms and conditions of probation or community control for certain sex offenses” to preclude the imposition of this highly specialized and stigmatized form of probation to offenses other than those sex offenses enumerated in section 948.30. I agree, however, that the Third District Court of Appeal’s contrary opinion should be quashed and the defendant resentenced without the condition of sex offender probation.
LABARGA, C.J., concurs.

. This is similar to the Fourth District's holding and the First District Court of Appeal's holding that a trial court may not impose drug offender probation other than for the violation of a drug-related offense listed in the drag offender probation statute, section 948.034. Parker v. State, 839 So.2d 736 (Fla. 1st DCA 2003); Ellis v. State, 816 So.2d 759, 761-62 (Fla. 4th DCA 2002).