HARRIS, J.
Howard Sparber appeals the denial of his motion to correct an illegal sentence *254 filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm, without further discussion, the denial of Sparber's first two claims. However, we conclude that the trial court erred in summarily denying Sparber's remaining two claims and reverse.
Sparber was convicted of shooting at or within a dwelling, aggravated stalking, and criminal mischief. He was sentenced to five years in prison followed by five years of probation. Below, Sparber argued that his sentence was illegal because the special conditions of his probation were not related to the underlying charges. Specifically, Sparber's probation precludes him from consuming alcohol and patronizing bars and requires him to undergo evaluation and treatment for drug use and mental health issues.
"A defendant may not be sentenced to drug-offender probation unless he has been convicted of an enumerated offense under Chapter 893 or he has specifically agreed to such conditions as part of a plea agreement." Ackermann v. State, 962 So.2d 407, 408 (Fla. 1st DCA 2007) (citing Parker v. State, 839 So.2d 736 (Fla. 1st DCA 2003) ). Because Sparber was not charged with an offense under chapter 893, Florida Statutes (2017), and he argues neither his competency nor mental health was an issue in his case, it is not clear whether the trial court had the authority to impose these special conditions as a part of his probationary sentence. Further, Sparber alleged that when he entered his plea, he never agreed to the additional special conditions for either drug offender probation or mental health evaluation and treatment. The order denying these claims failed to attach any records that conclusively refute Sparber's allegations. Because the record on appeal does not include the plea form or a transcript of the plea hearing, this Court is unable to determine whether the special conditions were legally imposed. See McLendon v. State, 58 So.3d 387, 388 (Fla. 5th DCA 2011).
We reverse the summary denial of Claims 3 and 4 of Sparber's motion to correct illegal sentence and remand for the postconviction court to attach records conclusively refuting these claims or to resentence Sparber without the drug-offender and mental health conditions. See Parker, 839 So.2d at 737.
AFFIRMED in part; REVERSED in part; REMANDED with instructions
EDWARDS and SASSO, JJ., concur.