PER CURIAM.
We have for review an order of the trial court revoking the appellant’s probation. Appellant contends that the special condition of probation that he was found to have violated is invalid and, therefore, that reversal is required. We disagree.
Appellant pled guilty to two counts of possession of a firearm by a convicted felon and one count of misdemeanor stalking. He was sentenced to three years probation on the firearm possession counts and four months concurrent probation on the misdemeanor stalking count. A special condition of both probation terms required appellant to refrain from having any contact with his ex-wife. After the probation period for the misdemeanor stalking expired, but while the probation for the firearm possession counts remained, the trial court found appellant guilty of violating his probation by having contact with his ex-wife.
Relying upon the general rule that a special condition of probation is invalid if it does not reasonably relate to rehabilitation, see Biller v. State, 618 So.2d 734 (Fla.1993), appellant argues that since the special condition of probation prohibiting contact with his ex-wife is unrelated to the firearm possession counts it must be stricken and cannot support a revocation of his probation. Appellant’s argument might be well taken were this not a circumstance where he pled guilty to both the stalking and firearm possession counts pursuant to a “global” plea and agreed to the special condition of probation.
*912 In the instant case, the record affirmatively establishes that appellant’s plea agreement was a “package deal” to multiple charges, one of which included stalking his ex-wife. Under these circumstances, the court may consider all of the charges and determine whether an agreed upon condition of probation has a relationship to any of the charges involved in the plea. This is so because many times a plea agreement is reached between the State and a defendant which encompasses all outstanding charges, and the give and take of the negotiation process transcends any single charge.
While it is true that a defendant may not agree to an illegal sentence and may even challenge on appeal a negotiated sentence which is illegal, see Cheney v. State, 640 So.2d 103 (Fla. 4th DCA 1994), a judicially imposed condition of probation which simply prohibits a defendant from having contact with a particular person and is allegedly not related to the crime charged or to rehabilitation is not the type of condition which is fundamentally void. See, e.g., id (holding that a special condition of probation which provides for a term of imprisonment exceeding the statutory maximum is void); cf. Madrigal v. State, 545 So.2d 392 (Fla. 3d DCA 1989)(holding that judicially imposed sentences, which deviate from statutory requirements but which are not void or beyond the court’s jurisdiction, will be upheld when agreed to by a defendant). We are aware of no authority which allows a defendant to challenge an agreed upon condition of probation on the basis that it allegedly does not reasonably relate to rehabilitation or the crime charged.
Accordingly, we affirm the sentencing order on appeal and hold that appellant was free to agree to the terms of the probation order in the instant case and obtain the benefit of the plea agreement which he voluntarily sought and obtained.
AFFIRMED.
DELL, GUNTHER and STEVENSON, JJ., concur.