980 So.2d 1108 (2008)
Michael STURGES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-463.
District Court of Appeal of Florida, Fourth District.
February 13, 2008.
*1109 Fred Haddad of Fred Haddad, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
In sentencing appellant for aggravated assault with a deadly weapon, the trial court treated appellant as a youthful offender, imposing a sentence of 364 days in prison, anger management, and five years of sex offender probation pursuant to sections 948.30 and 948.31, Florida Statutes (2005). This was error, as aggravated assault is not one of the enumerated felonies for which those statutory provisions are imposed. See § 948.30(1), Fla. Stat.; Muzzo v. State, 773 So.2d 1271 (Fla. 4th DCA 2000).
We have addressed a similar issue of statutory interpretation in the context of drug related offenses. Both in Ellis v. State, 816 So.2d 759 (Fla. 4th DCA 2002), and Epperson v. State, 955 So.2d 642 (Fla. 4th DCA 2007), we held that a court may not impose drug offender probation pursuant to section 948.034 on conviction for crimes other than those listed in the drug offender probation statute. We interpret the sex offender probation statute in the same manner.
Appellant's sentence is reversed and remanded for resentencing without sexual offender probation. In resentencing, the court may impose probation and special conditions of probation which reasonably relate to the underlying charges. See Biller v. State, 618 So.2d 734 (Fla.1993).
FARMER and GROSS, JJ., concur.