JACOBUS, J.
Daniel Arias appeals the sentence imposed after he pled no contest to one count of burglary of a dwelling with an assault or battery.[1] On appeal, Arias challenges the imposition of sex offender conditions as found in section 948.30, Florida Statutes. He argues that those conditions are not related to the crime to which he entered a plea. We find merit to Arias’ contention and reverse and remand for resentencing with further consideration by the court.
In November 2008, Arias entered a no contest plea to the trial court to the charge of burglary of a dwelling with an assault or battery therein. The charges stemmed from an incident in which Arias entered his girlfriend’s home at 3:00 a.m. to retrieve his wallet. He did not have permission to enter the house. At the time, Arias’ girlfriend’s 13-year-old daughter was home alone. After retrieving his wallet, Arias entered the daughter’s bedroom, asked her questions, and petted her hair without her permission. Because the girl was frightened by Arias’ conduct, she locked herself in the bathroom. Although the crime to which Arias pled is not one of the crimes enumerated in section 948.30, the trial court felt there was a sexual motive to Arias’ actions and imposed as special conditions of probation the sexual offender conditions set forth in section 948.30.
In Sturges v. State, 980 So.2d 1108 (Fla. 4th DCA 2008), our sister court determined that it is improper to impose sex offender conditions of probation unless the defendant is convicted of a crime specified in section 948.30. In Biller v. State, 618 So.2d 734 (Fla.1993), the supreme court found that conditions of probation must *105 relate to the underlying charge. The Bil-ler court set forth a test for determining whether a special condition of probation is reasonably related to rehabilitation. It explained that a condition of probation is invalid “if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.” Id. at 734-35 (quoting Rodriguez v. State, 378 So.2d 7, 9 (Fla. 2d DCA 1979)).
In this case, the trial court did not find that Arias was a sexual offender or a sexual predator. We recognize that the court imposed the conditions found in section 948.30 as special conditions of Arias’ probation. We find that this distinction does not negate the holding set forth in Sturges. Accordingly, we reverse only that portion of Arias’ sentence which imposes the sex offender conditions set forth in 948.30 as special conditions of his probation. The trial court may impose a term of probation with or without special conditions that satisfy the Biller test.
REVERSED and REMANDED with instructions.
LAWSON and EVANDER, JJ., concur.

. § 810.02(2)(a), Fla. Stat.