LOGUE, J.
A jury found Victor Villanueva guilty of misdemeanor battery. On appeal, he challenges the trial court’s decision to impose on his probation a special condition that he undergo sex offender therapy.[1] Although Villanueva was convicted only of simple battery, the facts in the record indicate that the non-consensual physical contacts underlying the battery involved the touching of a juvenile female’s breasts and buttocks. For this reason, we hold that the trial court could require therapy of this nature as a condition of probation in this case. In addition, we remand with di *1001 rections for the trial court to correct two scrivener’s errors in the sentencing order.
FACTS AND PROCEDURAL BACKGROUND
Villanueva was charged with one count of lewd and lascivious molestation of a child older than twelve, but less than sixteen years old. The victim, Y.V., was Villanueva’s daughter, from whom he had become estranged by the time the girl was nine. When Y.V. was twelve, her family ran into Villanueva and arrangements were made for Villanueva to visit with Y.V. During the visit, Villanueva touched Y.V.’s breast. Y.V. testified that the touching of her breast was not accidental and lasted for several seconds. When she reacted, he laughed. Later, in Villanueva’s car, he again put his hand on her breast. Finally, while Y.V. was in a bathing suit at a swimming pool, he reached out and put his hand on her buttocks which caused her to exclaim, “hey, you touched me.” He apologized. Y.V. told her mother and, later, a teacher, who notified the police. Villa-nueva testified that he never touched Y.V.’s breasts.
The jury acquitted Villanueva of the charge of lewd and lascivious molestation of a child, but found him guilty of the lesser included offense of misdemeanor battery. The trial judge sentenced Villa-nueva to one year of probation, subject to the special condition that Villanueva undergo sex offender therapy. The judge explained his reasoning for this condition as follows:
I ordered ... [sex offender] therapy because he was found guilty of battery which is an illegal touching of someone else. That’s what he was charged with, was the illegal touching of someone else. They just didn’t find it to the same degree that the charging people did. Okay. That being the case, it was still an improper touching of his daughter, and he can acknowledge that in the sense of what it was and what he was found guilty of and go do the therapy, because he needs to learn that he can’t do that to children and family.
The order also required Villanueva to serve ninety days in jail before the one year probation began and it stated that Villanueva had pled guilty, rather than been convicted at trial.
DISCUSSION

Sex Offender Therapy

Villanueva first challenges the portion of his sentence requiring him to undergo sex offender therapy as a condition of probation. His appeal in this regard raises two related issues: (1) whether sex offender therapy as a condition of probation is restricted by statute to only certain enumerated sexual offenses; and (2) whether the imposition of that condition here comports with the standards governing probation announced by the Florida Supreme Court in Biller v. State, 618 So.2d 734, 734-35 (Fla.1993). We address each issue in turn.
A. Is Sex Offender Therapy Restricted to Only Certain Sexual Offenses?
Villanueva first argues that sex offender therapy as a condition of probation is restricted by statute to certain enumerated sexual offenses. We are not persuaded. Even though a statute includes sex offender treatment as one of a roster of mandatory conditions of probation for certain specified sexual offenses, the statute does not prohibit a judge from selectively requiring sex offender therapy as a special condition of probation for other offenses where appropriate.
Section 948.30, Florida Statutes (2011), establishes the conditions for “sex offender probation.” It requires that, when granting probation to persons convicted of spe *1002 cific sexual offenses,[2] the court “must impose” certain conditions “in addition to all other standard and special conditions imposed.” § 948.30(1), Fla. Stat. (2011). One of these additional mandatory conditions is sex offender therapy. Others are a curfew, residency restrictions, prohibitions on contact with the victim or children (except as authorized by the court), prohibitions on working or volunteering at schools, a prohibition on viewing child pornography, prohibitions on accessing the internet under certain circumstances, a requirement to provide blood specimens, a requirement to pay restitution, submission to warrantless searches, submission to polygraph examinations, maintenance of driving logs, electronic monitoring in certain circumstances, and prohibitions on visiting schools and parks without prior approval. See § 948.30, Fla. Stat. (2011).
Section 948.30 reflects the clear intent of the Legislature that all of these conditions be imposed when persons convicted of the sexual offenses listed in the statute are granted probation. But it contains no language that prohibits these conditions from being selectively imposed on the probation for other crimes. Courts already have imposed some of the individual conditions listed in section 948.30 for offenses other than those listed in the statute.[3] In addition, the Legislature itself authorizes some of the individual conditions listed in section 948.30 to be imposed for offenses other than those listed in the statute. See, e.g., §§ 948.014, 948.03(l)(o), Fla. Stat. (2011) (provide blood or other biological speei-mens); §§ 948.03(l)(f), 948.032, Fla. Stat. (2011) (pay restitution).
Moreover, reading such a restrictive inference into the statute runs contrary to the policy of the probation statutes, which encourage trial judges to exercise broad discretion in tailoring the probation conditions to a defendant’s rehabilitation. The probation statutes mandate certain conditions of probation for certain crimes, but otherwise recognize that trial judges have broad discretion to fashion conditions of probation that promote rehabilitation. See, e.g., § 948.03(2), Fla. Stat. (2011) (“The enumeration of specific kinds of terms and conditions [for probation] shall not prevent the court from adding thereto such other or others as it considers proper.”); § 948.039, Fla. Stat. (2011) (“The court may determine any special terms and conditions of probation.”).
We acknowledge that our sister courts have held that all of the conditions listed in the sex offender probation statute could not be imposed on persons who were convicted of a crime other than those crimes enumerated in the statute. Sturges v. State, 980 So.2d 1108, 1109 (Fla. 4th DCA 2008) (rejecting imposition of all the conditions “pursuant to section 948.30”) (original emphasis); Arias v. State, 65 So.3d 104 (Fla. 5th DCA 2011) (rejecting imposition of all of the conditions as a special condition). We believe that these cases are easily distinguished from the instant case because they did not address situations where the court selectively im *1003 posed only one of the listed conditions, such as the sex offender therapy imposed here. Accordingly, we hold that while there are circumstances in which sex offender therapy is a statutorily-required condition of probation, sex offender therapy can still be imposed as a special condition of probation outside of those statutorily-required circumstances when the facts of the crime so warrant.
B. Application of Biller.
Villanueva next argues that the condition requiring sex offender therapy violates the test announced by the Supreme Court in Biller, because it bears no rational relationship to his conviction for misdemeanor battery. In this regard, he argues that the sentencing court is limited to considering only the face of the conviction and not the facts underlying the conviction. We reject this argument. When fashioning special conditions of probation to assist and ensure the rehabilitation of the defendant, the trial judge may consider the facts and unique circumstances of each defendant and his or her crime, as reflected in the record.
The Florida Supreme Court has held that a special condition of probation “is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.” Biller, 618 So.2d at 734-35 (quoting Rodriguez v. State, 378 So.2d 7, 9 (Fla. 2d DCA 1979)). “[T]hese limitations” ensure that “a special condition of probation cannot be imposed if it is so punitive as to be unrelated to rehabilitation.” Spano v. State, 60 So.3d 1108, 1109 (Fla. 4th DCA 2011) (internal quotations, alteration, and citations omitted). Although Villanueva argues that a trial court is limited in applying this test to the face of the judgment, Biller itself refutes this assertion.
In Biller, the Supreme Court held that a concealed firearm conviction could not support a special condition of probation that the defendant not use or possess alcohol because “there was nothing connecting any use of alcohol with the crimes with which [Biller] stands convicted.” 618 So.2d at 735. The Court added that “there was nothing in the record, such as information in a presentence investigation report, which would suggest that Biller has a propensity towards alcohol or that his judgment becomes impaired as a consequence of using it.” Id. (emphasis added). The clear inference from the Court’s reasoning is that this condition could have been imposed if the record indicated that the defendant had a propensity to abuse alcohol and that this propensity related to his conviction and potential recidivism. In other words, the Supreme Court indicated that the sentencing judge could consider facts in the record beyond the face of the judgment.[4]
Applying Biller here, we conclude that the special condition that Villanueva attend *1004 sex offender therapy comports with that decision’s standards governing probation because it is reasonably related to rehabilitation. Villanueva argues that the first Biller factor is not satisfied because sex offender therapy has no relationship to his conviction. He notes that he was convicted only of misdemeanor battery, the elements of which are actually and intentionally touching or striking another person against his or her will. § 784.03, Fla. Stat. (2011). He argues that his conviction for battery means only that he touched his daughter without her consent, not that he touched his daughter in a sexual manner. Turning to the facts in the record, however, we conclude the sex offender therapy at issue is rationally related to the crime for which Villanueva was convicted — the illegal and inappropriate touching of the child’s breasts and buttocks.
Here, the only inappropriate touching in the record — the only non-consensual physical contacts that could support the battery conviction — was sexual in nature. The special condition of probation that Villa-nueva undergo sex offender therapy, therefore, bears a rational relationship to his rehabilitation, when the facts in the record are considered. We distinguish G.F. v. State, 927 So.2d 62, 65 (Fla. 5th DCA 2006), in which the appellate court struck a special condition of sex offender therapy, even where a disposition report indicated the need for such therapy. The battery in G.F. consisted of a juvenile’s physical assault on three state employees. Unlike the instant case, the battery had no sexual component. Accordingly, we uphold the trial court’s decision to impose a special condition on Villanueva’s probation that he undergo sex offender therapy.

Scrivener’s Error in Probation Order

Villanueva also challenges the statement in the probation order that he entered a plea of guilty to the battery offense when, in fact, the record reveals that Villanueva was found guilty by a jury verdict. On remand, the trial court is directed to correct this scrivener’s error. See Tucker v. State, 15 So.3d 932, 932 (Fla. 4th DCA 2009) (“We remand ... to correct the scrivener’s error in the judgment of conviction, which indicates that appellant entered a plea of nolo contendere, rather than correctly showing that appellant was found guilty after a jury trial.”).

Written Order Does Not Conform to Oral Pronouncement

During sentencing, the trial court stated that it was imposing as a special condition of probation that Villanueva serve ninety days of his probation term in jail. The written probation order, however, reflects a one-year term of probation and a special condition of ninety days in jail. Here, the written order both fails to conform to the oral pronouncement and would constitute an illegal sentence, in excess of the statutory one-year maximum sentence for misdemeanor battery. See § 784.03, Fla. Stat. (2011) (“[A] person who commits battery commits a misdemeanor of the first degree.”); § 775.082(4)(a), Fla. Stat. (2011) (“A person who has been convicted of ... a misdemeanor of the first degree, [may be sentenced] by a definite term of imprisonment not exceeding 1 year.”). And the State concedes error on both points. On remand, the trial court is directed to enter a written order that correctly reflects its oral pronouncements. See Smith v. State, 100 So.3d 253, 254 (Fla. 3d DCA 2012); Stark v. State, 712 So.2d 454, 455 (Fla. 2d DCA 1998).
CONCLUSION
Because the condition was reasonably related to Villanueva’s rehabilitation for the crime for which he was convicted when the facts in the record are considered, we hold that the trial judge properly exercised its broad discretion when he imposed sex *1005 offender therapy as a special condition of probation here. We remand this matter, however, to permit the trial court to amend the written order of probation to accurately reflect that Villanueva was found guilty by a jury verdict, and to conform to the trial court’s oral pronouncement with regard to the ninety-day jail term. As these amendments are ministerial and do not involve an exercise of discretion, the defendant need not be present for correction of the written sentence.
Affirmed in part, reversed in part, and remanded.

. The probation order imposes mentally disordered sex offender ("MDSO”) therapy. Although that term is not mentioned or defined in the statute, we assume that MDSO therapy refers to "a sex offender treatment program with qualified practitioners specifically trained to treat sex offenders,” similar to those that defendants who are placed on probation for certain enumerated sexual offenses are required to participate in as part of sexual offender probation. § 948.30(1), Fla. Stat. (2011). We will refer to this condition as "sex offender therapy.”

. The statutory scheme specifies certain mandatory probation conditions for those "placed under supervision for violation of chapter 794, s. 800.04, s. 827.071, s. 847.0135(5), ors. 847.0145.” § 948.30(1), Fla. Stat. (2011).

. See, e.g., Peeples v. State, 698 So.2d 910, 911 (Fla. 4th DCA 1997) (revoking probation of defendant convicted of stalking and firearm possession who violated condition that prohibited contacting victim); Jones v. State, 678 So.2d 890, 893 (Fla. 4th DCA 1996) (revoking probation of defendant convicted of aggravated battery who violated special condition imposing a curfew); T.S. v. State, 682 So.2d 1202, 1202-03 (Fla. 4th DCA 1996) (upholding special condition of electronic monitoring of juvenile convicted of burglary and grand theft).

. See also Morris v. State, 26 So.3d 660, 662 (Fla. 4th DCA 2010) (holding that defendant convicted for grand theft and burglary could not be sentenced to drug offender probation, but substance abuse treatment could be imposed as a special condition where the record reflected a connection between substance abuse and the crimes); Beals v. State, 14 So.3d 286, 287 (Fla. 4th DCA 2009) (reversing an order that sentenced a defendant to drug offender probation for concealed weapon conviction, but permitting the trial court to impose special probation conditions related to substance abuse, provided Biller was satisfied); Estrada v. State, 619 So.2d 1057, 1058 (Fla. 2d DCA 1993) (holding that conditions concerning alcohol use and testing did not violate Biller because they were related to the offense, where the record revealed that "appellant told police that he committed the offense because he was intoxicated.”) (emphasis added).