# Supreme Court of Florida

_____

No. SC13-1828
_____

**VICTOR VILLANUEVA,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[July 7, 2016]

QUINCE, J.

Victor Villanueva seeks review of the decision of the Third District Court of Appeal in Villanueva v. State, 118 So. 3d 999 (Fla. 3d DCA 2013), on the ground that it expressly and directly conflicts with the decision of the Fifth District Court of Appeal in Arias v. State, 65 So. 3d 104 (Fla. 5th DCA 2011), on the question of whether the trial court may order him to undergo mentally disordered sex offender (MDSO) therapy after a jury acquitted him of any sexual misconduct. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we find that the imposed probation condition is not limited to certain enumerated sex offenses but is invalid under this Court's decision in Biller v. State, 618 So. 2d 734

(Fla. 1993).[1]  We therefore quash the decision of the Third District and remand this case to the trial court to modify the terms of Villanueva's probation.

**FACTS**

The Third District summarized the facts of this case as follows:

> Villanueva was charged with one count of lewd and lascivious molestation of a child older than twelve, but less than sixteen years old.  The victim, Y.V., was Villanueva's daughter, from whom he had become estranged by the time the girl was nine.  When Y.V. was twelve, her family ran into Villanueva and arrangements were made for Villanueva to visit with Y.V.  During the visit, Villanueva touched Y.V.'s breast.  Y.V. testified that the touching of her breast was not accidental and lasted for several seconds.  When she reacted, he laughed.  Later, in Villanueva's car, he again put his hand on her breast.  Finally, while Y.V. was in a bathing suit[2] at a swimming pool, he reached out and put his hand on her buttocks which caused her to exclaim, "hey, you touched me."  He apologized.  Y.V. told her mother and, later, a teacher, who notified the police.  Villanueva testified that he never touched Y.V.'s breasts.

Villanueva, 118 So. 3d at 1001.  The jury acquitted Villanueva of lewd and lascivious molestation but found him guilty of misdemeanor battery—a lesser included offense of the molestation charge.  Id. at 1001.  The trial judge sentenced Villanueva to ninety days in jail followed by one year of probation.  Id.  As a

---

1.  We clarify and point out that four members of this Court agree that the probation condition at issue here is not reasonably related to the crime for which Villanueva was convicted, thereby entitling him to relief.

2.  The record in this case indicates that Y.V. wore a shirt and shorts in the pool, not a bathing suit.

special condition of that probation, the judge ordered Villanueva to complete

MDSO therapy.  See id. at 1000 & n.1.  As explained by the Third District, that

term is not mentioned or defined in Florida's statutory probation scheme, but the

Third District assumed that the trial court was referring to sex offender therapy

imposed pursuant to section 948.30(1)(c), Florida Statutes (2008).  Id. at 1000 n.1.

That section sets forth additional conditions that must be imposed where the

probationer has committed certain enumerated offenses and deems these additional

conditions standard, not special, conditions for such probationers.  While the

charge of lewd or lascivious molestation is an enumerated offense within the

statute, the crime for which Villanueva was convicted—misdemeanor battery—is

not.

> The trial judge explained his rationale for imposing the condition as follows:

> I ordered . . . [sex offender] therapy because he was found guilty of battery which is an illegal touching of someone else.  That's what he was charged with, was the illegal touching of someone else.  They just didn't find it to the same degree that the charging people did.  Okay.  That being the case, it was still an improper touching of his daughter, and he can acknowledge that in the sense of what it was and what he was found guilty of and go do the therapy, because he needs to learn that he can't do that to children and family.

Id. at 1001.  The judge also explained he was ordering the therapy "so that

[Villanueva] can get some insight into appropriate behaviors," and specifically

stated, "No, I want him to undergo MDSO therapy.  It's not an MDSO plea, it's

not an MDSO probation, just a condition of his probation."  The judge did not

indicate under which statute he was ordering the therapy, but the probation order indicates that the therapy was imposed as a special condition of Villanueva's probation, not as a standard condition.

Villanueva appealed the trial court's decision, raising two related issues before the Third District: "(1) whether sex offender therapy as a condition of probation is restricted by statute to only certain enumerated sexual offenses; and (2) whether the imposition of that condition here comports with the standards governing probation announced by the Florida Supreme Court in Biller." Id. at 1001. The district court determined, as to the first issue, that "while there are circumstances in which sex offender therapy is a statutorily-required condition of probation, sex offender therapy can still be imposed as a special condition of probation outside of those statutorily-required circumstances when the facts of the crime so warrant." Id. at 1003. The court explained that section 948.30 "contains no language that prohibits these conditions from being selectively imposed on the probation" for crimes other than those enumerated in that section. Id. at 1002. In fact, the Third District noted instances in which courts and even the Legislature itself have already authorized "some of the individual conditions listed in section 948.30 to be imposed for offenses other than those listed in the statute." Id. at 1002. The district court also noted that reading the statute as limiting imposition of the condition to only the enumerated offenses is inconsistent with the broad

- 4 -

discretion given trial courts to determine what conditions will promote a probationer's rehabilitation.  Id. (citing §§ 948.03(2), 948.039, Fla. Stats. (2011)). Accordingly, the Third District found that "the statute does not prohibit a judge from selectively requiring sex offender therapy as a special condition of probation for other offenses where appropriate."  Id. at 1001 (emphasis added).

Villanueva's second issue involved the application of our prior decision in Biller.  In that case, we held that a special condition of probation "is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality."  Biller, 618 So. 2d at 734-35 (quoting Rodriguez v. State, 378 So. 2d 7, 9 (Fla. 2d DCA 1979)).  Applying that decision here, the district court found that in determining whether imposition of MDSO therapy comports with Biller, the trial judge is not limited to the face of the conviction but may consider the facts and circumstances of the case, as reflected in the record.  Villanueva, 118 So. 3d at 1003.  Considering the record before it in this case, the Third District concluded that sex offender therapy is rationally related to Villanueva's crime because "the only non-consensual physical contacts that could support the battery conviction" were both sexual in nature.  Therefore, the court found that "[t]he special condition of probation that Villanueva undergo sex offender therapy [] bears a rational relationship to his rehabilitation" for "the

illegal and inappropriate touching of the child's breasts and buttocks." Id. at 1003. The district court upheld the trial court's imposition of MDSO therapy but remanded the case to the trial court to correct a scrivener's error in the probation order. Id. at 1004. Villanueva now appeals on the basis of conflict jurisdiction.

**ANALYSIS**

Villanueva alleges conflict with Arias, in which the defendant entered a no contest plea to the charge of burglary of a dwelling with an assault or battery therein. Id. Although that charge was not one enumerated in section 948.30, the trial court imposed—as special conditions of the defendant's probation—the sex offender conditions found in section 948.30. The Fifth District Court of Appeal relied on Sturges v. State, 980 So. 2d 1108 (Fla. 4th DCA 2008), to find that it was improper to impose the sex offender conditions found in section 948.30 unless the defendant was convicted of a crime specified in that section. Arias, 65 So. 3d at 104.

In Sturges, the Fourth District Court of Appeal held that application of "sex offender probation pursuant to sections 948.30 and 948.31, Florida Statutes (2005)" was inappropriate because Sturges was not convicted of one of the enumerated felonies for which those statutory provisions are imposed. 980 So. 2d at 1109 (emphasis added). Thus, in that case, the sex offender probation conditions had been imposed mandatorily pursuant to section 948.30. The Fourth

District did not have before it the question here: whether the conditions of sex offender probation can be imposed as special conditions of probation, not pursuant to the statute.  In fact, the Fourth District concluded that a trial court "may impose probation and special conditions of probation which reasonably relate to the underlying charges."  Id. (citing Biller, 618 So. 2d 734).  That statement implies that while trial courts may not impose sex offender probation as a mandatory condition under section 948.30 for crimes not enumerated in that statute, courts may be able to impose those conditions as special conditions for any crime, as long as the conditions satisfy Biller.

While the Fifth District in Arias indicated that it was relying on Sturges, it was instead extending Sturges to prohibit not only the mandatory imposition of sex offender conditions under the statute for non-enumerated offenses, but also the imposition of such conditions even as special conditions based on a trial court's discretion.  The Fifth District explicitly found that although the conditions found in section 948.30 were imposed as special conditions in Arias, "this distinction does not negate the holding set forth in Sturges."  Arias, 65 So. 3d at 105.  That conclusion directly conflicts with the holding of the Third District in the instant case that "while there are circumstances in which sex offender therapy is a statutorily-required condition of probation, sex offender therapy can still be imposed as a special condition of probation outside of those statutorily-required

circumstances when the facts of the crime so warrant." Villanueva, 118 So. 3d at 1003. To resolve this conflict, we first determine whether the imposition of this condition is limited to only those crimes enumerated within section 948.30, even if imposed as a special—rather than standard—condition of probation.

## I. Whether Imposition of the Condition is Limited to Statutorily Enumerated Offenses

Villanueva contends, in line with the Fifth District's decision in Arias, that because he was only convicted of simple battery, not lewd or lascivious molestation, the trial court is not allowed to impose upon him a condition that is mandatory for convicted sex offenders. The State contends, as found by the Third District in the decision under review, that the trial court is not restricted by the sex offender therapy condition being mandatory for sex offenders and has the authority to impose upon Villanueva any condition that is reasonably related to his rehabilitation under Biller.

As described above, the trial judge did not indicate the statute under which he was ordering MDSO therapy. The Third District assumed the imposed therapy referred to the sex offender therapy required to be imposed upon sex offenders in section 948.30. However, the trial judge could have instead been acting under one of the sections that grants broad discretion to trial courts to determine probation conditions. See §§ 948.03(2), 948.039, Fla. Stats. (2008). Such a view is particularly persuasive given that the probation order in this case indicates the

MDSO therapy was imposed as a special, not standard, condition of Villanueva's probation and section 948.30 imposes sex offender therapy as a standard condition. See § 948.30, Fla. Stat. (2008) (indicating that the conditions imposed pursuant to that section "shall be considered standard conditions of probation or community control for offenders specified in this section"(emphasis added)). Nonetheless, due to the conflict issue in this case, we resort to statutory interpretation, starting with the plain language of the statute, to determine whether section 948.30 prohibits this condition from being imposed, even as a special condition, for a non-enumerated offense.

Section 948.30 reads, in relevant part:

> **Additional terms and conditions of probation or community control for certain sex offenses.**—Conditions imposed pursuant to this section do not require oral pronouncement at the time of sentencing and shall be considered standard conditions of probation or community control for offenders specified in this section.
> (1) Effective for probationers or community controllees whose crime was committed on or after October 1, 1995, and who are placed under supervision for violation of chapter 794, s. 800.04, s. 827.071, s. 847.0135(5), or s. 847.0145, the court must impose the following conditions in addition to all other standard and special conditions imposed:
> . . . .
>
> (c) Active participation in and successful completion of a sex offender treatment program with qualified practitioners specifically trained to treat sex offenders, at the probationer's or community controllee's own expense. If a qualified practitioner is not available within a 50-mile radius of the probationer's or community controllee's residence, the offender shall participate in other appropriate therapy.

§ 948.30(1)(c), Fla. Stat. (2008) (emphasis added).  The plain language of the statute indicates that it only applies to "certain sex offenses" enumerated in the statute.  However, the plain language also indicates that the statute only concerns circumstances in which the conditions must be applied.  The statute does not contain any language prohibiting the permissive, rather than mandatory, imposition of the conditions within the statute to other offenses, under the trial court's discretion.  Therefore, the statute is ambiguous as to the question of whether the conditions contained therein may be imposed for probation when involving non-enumerated crimes.

We turn next to the canons of construction to aid in interpreting this ambiguous statute.  The first is the well-established rule that we are not at liberty to add to a statute words that the Legislature itself has not used in drafting that statute.  Lawnwood Med. Ctr., Inc. v. Seeger, 990 So. 2d 503, 512 (Fla. 2008).  While we have supplied omitted words in situations where the legislative intent is clear, we will not do so where we are uncertain as to the legislative intent.  Armstrong v. City of Edgewater, 157 So. 2d 422, 425 (Fla. 1963) (citing Haworth v. Chapman, 152 So. 663, 666 (Fla. 1933) (explaining that courts should supply an omission only when the omission is "palpable," the omitted word is "plainly indicated by the context," and when necessary to make the statute conform to the Legislature's obvious intent; but where "legislative intent cannot be accurately

- 10 -

determined because of the omission, the Court cannot add words to express what might or might not be intended")). Thus, "[w]hen there is doubt as to the legislative intent or where speculation is necessary, then the doubts should be resolved against the power of the courts to supply missing words." Id. This principle is also known as casus omissus pro omisso habendus est or "nothing is to be added to what the text states or reasonably implies." State v. C.M., 154 So. 3d 1177, 1180 (Fla. 4th DCA 2015) (quoting Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 93 (2012)); see also Greenberg v. Greenberg, 101 So. 2d 608, 609 & n.3 (Fla. 3d DCA 1958) (citing case for the principle that "[a] casus omissus can in no case be supplied by a court because that would be to make laws"). In other words, a matter that is not covered by a statute is to be treated as intentionally not covered. See C.M., 154 So. 3d at 1180.

This rule of statutory construction applies in several ways here. Section 948.30 indicates the circumstances under which sex offender probation conditions must be applied. It does not, however, indicate when those conditions may not be applied. Because this matter is not discussed by section 948.30, we must consider it purposely unaddressed and must not add any words or concepts to the statute to address it. Further, because there is some doubt as to whether the Legislature intended to allow sex offender conditions to be applied to probations for non-

- 11 -

enumerated offenses, we must resolve this doubt against our supplying of any "omission" to address the issue.

Even using the doctrine of in pari materia, the result is the same. Sections 948.03 and 948.039 describe the broad discretion given to trial courts to determine probation conditions. See § 948.03(2), Fla. Stat. (2008) ("The enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper."); § 948.039, Fla. Stat. (2008) ("The court may determine any special terms and conditions of probation or community control. The terms and conditions should be reasonably related to the circumstances of the offense committed and appropriate for the offender."). The statute at issue here modifies that judicial discretion by requiring courts to impose certain mandatory conditions in cases involving an enumerated list of offenses. Reading these two sections and section 948.30 in pari materia reveals the legislative intent to modify the trial court's discretion with a mandatory rule only under certain circumstances. Thus, any circumstance falling outside of that mandatory rule would remain unchanged and instead be governed by the otherwise statutorily broad discretion typically afforded to trial courts.

Accordingly, we agree with the Third District's finding that section 948.30 does not prohibit sex offender therapy from being imposed as a special condition of probation for an offense not enumerated as part of that statute. We disapprove

Arias for its holding that sex offender probation conditions cannot be applied to non-enumerated offenses even when imposed as reasonably related special conditions under Biller based on the trial court's broad discretion.

## II. Whether Imposing MDSO Therapy as a Special Condition in this Case Violates Biller

In Biller, we approved the holding of the Second District Court of Appeal in Rodriguez v. State, 378 So. 2d 7 (Fla. 2d DCA 1979), that:

> In determining whether a condition of probation is reasonably related to rehabilitation, . . . a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.

Id. at 9 (emphasis added). In other words, a condition is valid if it satisfies one of the following Biller factors: (1) has a relationship to the crime for which the offender was convicted, (2) relates to conduct that is criminal in nature, or (3) requires or forbids conduct that is reasonably related to future criminality.

In this case, the special condition that Villanueva attend MDSO therapy does not satisfy any of the Biller factors. As to the first, although he was charged with lewd and lascivious molestation,[3] Villanueva was convicted of the lesser-included

---

3. The elements of that crime are, in relevant part: the (1) intentional (2) touching (3) of the breasts, genitals, or buttocks (4) in a lewd or lascivious manner. § 800.04(5)(a), Fla. Stat. (2008).

offense of misdemeanor battery[4] for the unwanted touching of his daughter. The jury's verdict indicates that the touching was not committed in a lewd and lascivious manner, thereby removing any indication that Villanueva should be a candidate for sex offender therapy. Therefore, the imposed special probation condition of attending MDSO therapy is not reasonably related to Villanueva's conviction for misdemeanor battery, and Biller has not been satisfied.

The second Biller factor asks whether the imposed condition relates to conduct that is criminal on its own. The conduct here—failure to attend counseling targeted toward sex offenders—is not a crime for someone who has been convicted of misdemeanor battery absent the imposition of the requirement by the trial court. Therefore, this factor is also not satisfied.

As to the final Biller factor—that the special condition requires or forbids conduct that is reasonably related to future criminality—the probation condition also fails. There is no record evidence that Villanueva had any prior convictions. Thus, there is no indication that he has a propensity to commit any particular crime, including child molestation or sexual battery. As such, requiring Villanueva to attend MDSO therapy cannot reasonably be considered a major deterrent to any

---

4. As relevant here, misdemeanor battery involves the intentional touching or striking of another person against that person's will. § 784.03(1), Fla. Stat. (2008).

- 14 -

future criminality. We hold that the imposition of MDSO therapy as a probation condition in this case is invalid based on our decision in <u>Biller</u>.

## CONCLUSION

For the reasons stated in this opinion, we find that the imposed probation condition is not limited to certain enumerated offenses but is invalid under <u>Biller</u>. We quash the decision of the Third District on this basis alone and remand this case to the trial court for a modification of Villanueva's probation conditions.[5] We also disapprove the Fifth District's decision in <u>Arias</u> based on that court's blanket holding that the sex offender probation conditions can never be applied to offenses not enumerated in section 948.30.

It is so ordered.

PERRY, J., concurs.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which LABARGA, C.J., concurs.
LEWIS, J., dissents with an opinion.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

---

5. Due to our holding invalidating the imposition of MDSO therapy in this case, Villanueva's argument that imposition of the therapy as a probation condition violated his constitutional rights to due process of law and trial by jury under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and sections Nine and Twenty-Two of Article I of the Florida Constitution will not be addressed.

PARIENTE, J., concurring in part and dissenting in part.

In this case, the Court has clearly struggled with two competing interests: the strong interest in ensuring that defendants who commit crimes of a sexual character receive both punishment and probation conditions that will assist in preventing future sexually-motivated crimes, and the due process requirement that conditions of probation be reasonably related to the crime for which the defendant was actually convicted. However, in this case the jury did not convict the defendant of a sex offense. Rather, as the majority explains, the defendant was convicted only of misdemeanor battery, and not of lewd and lascivious molestation. Majority op. at 2.

Accordingly, I concur with the result reached by the majority in Part II of the opinion that the trial court was without authority to order the defendant to undergo mentally disordered sex offender (MDSO) therapy as a special condition of probation after a jury acquitted the defendant of sexual misconduct. I agree that this condition of probation is invalid under the test this Court enunciated in Biller v. State, 618 So. 2d 734 (Fla. 1993).

I dissent in part, however, because I disagree with the analysis in Part I of the opinion and would also conclude that the trial court does not have the authority to impose the special condition of probation of "sex offender treatment" under section 948.30(1), Florida Statutes (2008), when the defendant is not convicted of

- 16 -

one of the specified sex offenses enumerated in that section. I would hold, consistent with the Fourth District Court of Appeal in Sturges v. State, 980 So. 2d 1108 (Fla. 4th DCA 2008), and the Fifth District Court of Appeal in Arias v. State, 65 So. 3d 104, 105 (Fla. 5th DCA 2011), that sex offender treatment is limited under section 948.30(1) as a condition to probation only to the enumerated felonies of section 948.30(1), which are specific sex offenses.[6] Because the jury in this case acquitted the defendant of a sex offense outlined in section 948.30(1), the trial court did not have the authority to impose one of the probationary conditions set forth in section 948.30(1) for an offense that is not enumerated in the statute. I thus agree with the Fourth District Court of Appeal's opinion in Sturges, which construed the statute to provide that the probationary conditions under section 948.30(1) can be imposed only if the defendant is convicted of one of the enumerated felonies.

This interpretation of section 948.30(1) follows from the text of the statute and the rules of statutory construction. As this Court has consistently explained, legislative intent "is determined primarily from the statute's text," and, in any case

---

6. This is similar to the Fourth District's holding and the First District Court of Appeal's holding that a trial court may not impose drug offender probation other than for the violation of a drug-related offense listed in the drug offender probation statute, section 948.034. Parker v. State, 839 So. 2d 736 (Fla. 1st DCA 2003); Ellis v. State, 816 So. 2d 759, 761-62 (Fla. 4th DCA 2002).

of statutory interpretation, this Court must begin with the "actual language used in the statute." Heart of Adoptions, Inc. v. J.A., 963 So. 2d 189, 198 (Fla. 2007). Then, if statutory language is "susceptible to more than one reasonable interpretation," this Court applies "rules of statutory construction"—such as reading each word and part of the statute together—"to determine the legislative intent behind the provision." Id. at 198-99.

I begin with the actual language used in the statute. Section 948.30 is specifically entitled, "Additional terms and conditions of probation or community control for certain sex offenses." (Emphasis added). The statute provides in pertinent part that:

(1) Effective for probationers or community controllees whose crime was committed on or after October 1, 1995, and who are placed under supervision for violation of chapter 794, s. 800.04, s. 827.071, s. 847.0135(5), or s. 847.0145, the court must impose the following conditions in addition to all other standard and special conditions imposed:

(a) A mandatory curfew from 10 p.m. to 6 a.m. The court may designate another 8-hour period if the offender's employment precludes the above specified time, and the alternative is recommended by the Department of Corrections. If the court determines that imposing a curfew would endanger the victim, the court may consider alternative sanctions.

. . .

(c) Active participation in and successful completion of a sex offender treatment program with qualified practitioners specifically trained to treat sex offenders, at the probationer's or community controllee's

- 18 -

> own expense. If a qualified practitioner is not available within a 50-mile radius of the probationer's or community controllee's residence, the offender shall participate in other appropriate therapy.

§ 948.30(1), Fla. Stat. (2008) (emphasis added). Based on the plain language of the statute, section 948.30(1) does not authorize the conditions of probation it sets forth to be imposed for any offenses other than the statutorily enumerated sex offenses.

The majority concludes that section 948.30 mandates sex offender treatment for the enumerated sex offenses of that statute, yet concludes the statute does not preclude the trial court from imposing this sex offender treatment for other crimes as a special condition of probation under the trial court's broad discretion so long as there is a reasonable relationship to <u>rehabilitation</u> under the <u>Biller</u> standards.

But there is no basis for the conclusion that a specific statutory condition of probation for certain sex offender crimes should be a basis for allowing a trial court to impose this type of condition on a defendant who is not convicted of a sex offense. The very notion of imposing sex offender probation for a crime that does not include a sexual element can cause unintended consequences.

First, the defendant, who was convicted only of simple battery by the jury, would now be stigmatized by being ordered to sex offender treatment. Not only does "sex offender treatment" as a special condition of probation require "successful completion" of the treatment, but the statute specifies that this

- 19 -

treatment must occur at the probationer's "own expense." § 948.30(1)(c), Fla. Stat.

And, of course, violation of a condition of probation may result in the revocation

of probation and the imposition of a prison sentence. Additionally, although we

are not aware of all of the requirements to successfully complete sex offender

treatment, it is clear that the failure to admit that the defendant has engaged in

deviant sexual behavior could itself be grounds for termination from the program

and lead to a violation of probation. See Staples v. State, 161 So. 3d 561 (Fla. 5th

DCA 2014), rev. granted, 171 So. 3d 120 (table decision). In fact, defense counsel

made this point when strenuously objecting to this condition:

> The defense explained that in order to complete the Mentally
> Disordered Sexual Offender treatment, patients had to admit that they
> were indeed mentally disordered sexual offenders. They went on to
> argue that since Mr. Villanueva had maintained his innocence
> throughout his case, and was indeed acquitted of the sexual crime, he
> would not now admit that he was a sex offender. Thus, by
> maintaining his innocence he was effectively "set up" for a
> subsequent probation violation. The defense requested that the court
> allow Mr. Villanueva to go to an evaluation rather than treatment to at
> least determine if further therapy was necessary.
>
> The court denied the request, and although it acknowledged that Mr.
> Villanueva was in fact only convicted of misdemeanor battery, ruled
> that it was sending him to sex offender therapy anyway because "he
> needs to learn that he can't do that to children and family." The court
> characterized the battery as a sexual offense in spite of the verdict,
> and declared that the jury "just didn't find it to the same degree that
> the charging people did."
>
> While undoubtedly some forms of MDSO therapy might be a "good idea"

for a defendant's rehabilitation, there is no basis for allowing trial courts to impose

this type of condition unless the defendant is found guilty of a statutorily enumerated sex offense. Due to the inherent stigma attached to a sex offender-specific probation, it is critically important that only those offenders who have committed a statutorily enumerated sex offense are subject to this special probationary condition.

Under these circumstances, and because this type of probation is tailored to persons convicted of sex offenses, I would conclude, consistent with the statutory language and the prior jurisprudence of this Court in Biller requiring a condition of probation to have a reasonable relationship to the crime for which the offender was convicted, that the trial court lacked the authority to impose "sex offender treatment" as a special condition of probation for the defendant's conviction of misdemeanor battery.

Accordingly, I concur in part with the result of the majority that sex offender probation was not a valid special condition of probation in this case but dissent to the majority's interpretation of section 948.30. I would construe the statute that governs "additional terms and conditions of probation or community control for certain sex offenses" to preclude the imposition of this highly specialized and stigmatized form of probation to offenses other than those sex offenses enumerated in section 948.30. I agree, however, that the Third District Court of Appeal's

contrary opinion should be quashed and the defendant resentenced without the condition of sex offender probation.

LABARGA, C.J., concurs.

LEWIS, J., dissenting.

This case presents a morass of unusual facts and interrelated statutes that govern a trial judge's discretion with respect to special conditions of probation. Under these circumstances, I agree with the majority's reliance on tools of statutory construction to glean legislative intent regarding the extent to which a trial judge can order special conditions of probation. However, after considering Justice Pariente's concurring in part and dissenting in part opinion, I ultimately disagree with the majority's conclusion that the special condition imposed below violated conditions established in Biller v. State, 618 So. 2d 734 (Fla. 1993). I therefore dissent.

A review of the record demonstrates the confusion surrounding the judge's imposition of probation conditions. In two separate hearings, the trial court insisted that the defendant undergo "MDSO therapy," over the strenuous objections of defense counsel. At the initial sentencing hearing, the trial court responded to defense counsel's request for clarification by stating, "I want him to undergo MDSO therapy. It's not an MDSO plea, it's not an MDSO probation, just as a condition of his probation." At a subsequent hearing in which defense counsel

moved to mitigate this particular condition of the sentence, the trial court reiterated its stance:

> COURT: I ordered MDSO therapy because he was found guilty of battery which is an illegal touching of someone else. That's what he was charged with, was the illegal touching of someone else. They just didn't find it to the same degree that the charging people did. Okay. That being the case, it was still an improper touching of his daughter, and he can acknowledge that in the sense of what it was and what he was found guilty of and do the therapy, because he needs to learn that he can't do that to children and family.
>
> . . . .
>
> . . . [Y]our motion to mitigate is denied. Thank you.
>
> DEFENSE COUNSEL: If I might just, Judge? It specifically, on his order, says sex offender treatment. He's not a sex offender.
>
> COURT: It shouldn't. It's MDSO therapy.
>
> DEFENSE COUNSEL: They can't differentiate a [sic] probation.
>
> COURT: They can. We've done it before. I've done it for years. When they reduce a count from something to a felony battery and I give MDSO therapy to go with it . . . .
>
> . . . .
>
> DEFENSE COUNSEL: [M]ay I just add there's no box on here for sex offender therapy. There's . . . a box for sex offender treatment.
>
> COURT: Well, put something else on there.
>
> DEFENSE COUNSEL: I can't, Judge it's a probation order.
>
> COURT: Correct the probation orders so it references it as MDSO therapy.

DEFENSE COUNSEL: I'm not questioning [the probation officer], it's the referring officer who put it down as a sex offender treatment, and he's not a sex offender. And there's no box on here for sex offender therapy.

COURT: Okay. Well, take that back and tell them to give him a new form.

As the Third District noted below, the trial court's chosen term, "MDSO therapy," does not actually exist in the probation statutory scheme. Villanueva v. State, 118 So. 3d 999, 1000 n.1 (Fla. 3d DCA 2013). Furthermore, the trial court gave no indication of what sentencing statute it relied on when it imposed this condition. The Third District, and presumably all subsequent parties who read the opinion, "assume[d] that MDSO therapy refers to 'a sex offender treatment program with qualified practitioners specifically trained to treat sex offenders,' similar to" the required treatment program described in section 948.30(1)(c), Florida Statutes (2008), which is titled "Additional terms and conditions of probation or community control for certain sex offenses." Id. (emphasis added). Despite this assumption, the ambiguity of the trial court renders it not only possible, but likely, that the trial court actually acted pursuant to section 948.039, Florida Statutes, when it imposed MDSO therapy. That section provides: "The court may determine any special terms and conditions of probation or community control. The terms and conditions should be reasonably related to the

circumstances of the offense committed and appropriate for the offender. . . ." §

948.039, Fla. Stat. (2008).[7]

Thus, it is not clear whether the trial court imposed the disputed condition

under section 948.30, the provision that mandates a lengthy list of conditions for

certain sex offenders, or, as I suspect, section 948.039, which grants trial courts

wide latitude to impose special conditions of probation. Regardless, I agree with

the conclusion reached by the majority that section 948.30 is inherently

ambiguous.

The Third District correctly noted that section 948.30 does not clearly

provide an answer to the question posed to this Court: whether any of the

enumerated conditions in the statute can be imposed upon a person who has not

been convicted of a sex offense specified by the statute. The statute does not

expressly prohibit or allow such action, and therefore I agree with the majority in

its conclusion that section 948.30 is ambiguous on this point. Thus, the majority's

reliance on principles of statutory interpretation, especially the principle of in pari

materia and the consideration of sections 948.03 and 948.039, is appropriate here.

Section 948.03(2) indicates that the enumeration of specific kinds of terms and

---

7. Section 948.31, Florida Statutes, which grants a trial court the discretion to order the evaluation of and treatment for certain sex offenders, is yet a third possible statute upon which the trial court could have relied when it ordered Villanueva to participate in "MDSO therapy."

conditions shall not prevent the court from adding thereto such other or others as it may consider proper. This provision supports the conclusion that the provisions required by section 948.30 are not exclusive to the enumerated offenses in that statute. Moreover, section 948.039 appears to operate as a limitation on the scope of special conditions, but does so in a permissive manner: "The court may determine any special terms and conditions of probation or community control. The terms and conditions should be reasonably related to the circumstances of the offense committed and appropriate for the offender." (Emphasis added). Only by reading sections 948.03, 948.039, and 948.30 in pari materia can we actually understand the question presented by this case: is the wide discretion statutorily granted to trial courts expansive enough to allow a court to impose a condition that is otherwise mandatorily imposed only upon certain sex offenders?

I part ways with the majority opinion, however, in its conclusion that the special condition imposed below violated the standards enumerated in Biller. I agree with a conclusion that the special condition that Villanueva attend sex offender therapy was reasonably related to the conduct underlying Villanueva's conviction. Although Villanueva denied touching his twelve-year-old daughter's breasts, it appears undisputed that the unlawful contact was on the victim's breasts and buttocks, as opposed to, for example, her arm or leg. See Villanueva, 188 So. 3d at 1004 ("[T]he only inappropriate touching in the record—the only non-

consensual physical contacts that could support the battery conviction—was sexual in nature."). Even if the jury convicted Villanueva of misdemeanor battery alone, rather than lewd and lascivious molestation, the trial judge heard all of the evidence presented to the jury, and the trial judge has a great deal of discretion in fashioning conditions of probation. See §§ 948.03(2), 948.039. Therefore, the trial judge was in the best position to determine any special conditions of probation. Having heard evidence that Villanueva touched his adolescent daughter on her breasts and buttocks, the judge acted well within his discretion to fashion a special condition of probation that was not only related to the offensive conduct, but intended to reduce the possibility that Villanueva would act in this manner in the future. I consider it absurd to conclude otherwise. Therefore, I would affirm the decision below.

CANADY, J., dissenting.

Because I conclude that the trial court acted within the broad discretion provided by section 948.03, Florida Statutes (2011), for trial courts to impose conditions of probation, I would approve the decision of the Third District on review. I therefore dissent.

The majority's decision is based on a misreading of Biller v. State, 618 So. 2d 734 (Fla. 1993)—a misreading that unduly limits the discretion afforded to trial judges by section 948.03 to impose special conditions of probation. The statute

provides that "[t]he court shall determine the terms and conditions of probation."

§ 948.03(1), Fla. Stat. (2011). The statute also provides that "[t]he [statutory]

enumeration of specific kinds of terms and conditions shall not prevent the court

from adding thereto such other or others as it considers proper." § 948.03(2), Fla.

Stat. (2011). We have recognized that this discretion is broad but not unlimited:

"A trial court has the authority to impose any valid condition of probation which

would serve a useful rehabilitative purpose." Hines v. State, 358 So. 2d 183, 185

(Fla. 1978). More specifically, in Biller we held that a special probation condition

is valid only if it satisfies at least one of the three "circumstances" that were

enumerated by the Second District Court in Rodriguez v. State, 378 So. 2d 7, 9

(Fla. 2d DCA 1979), for "determining whether a condition of probation is

reasonably related to rehabilitation." Biller, 618 So. 2d at 734-35. Here, the

condition imposed on Villanueva requiring participation in mentally disordered sex

offender therapy readily passes muster under Biller.

Rodriguez states:

> In determining whether a condition of probation is reasonably
> related to rehabilitation, we believe the condition is invalid if it (1) has
> no relationship to the crime of which the offender was convicted, (2)
> relates to conduct which is not in itself criminal, and (3) requires or
> forbids conduct which is not reasonably related to future criminality.

378 So. 2d at 9. Stated positively, under the Biller/Rodriguez analysis, a condition

is valid if it either (1) has a relationship to the crime of which the offender was

convicted, (2) relates to conduct that is in itself criminal, or (3) requires or forbids conduct that is reasonably related to future criminality.

The three-part Biller/Rodriguez analysis is derived from California law where it was first articulated in People v. Dominguez, 64 Cal. Rptr. 290 (Cal. Ct. App. 1967), and subsequently adopted by the California Supreme Court in People v. Lent, 541 P.2d 545 (Cal. 1975). In Lent, the court observed that "a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." Lent, 541 P.2d at 548. The court specifically considered whether a trial court imposing probation for a grand theft conviction erred in "imposing as a condition of probation restitution of funds involved in a related criminal charge of which defendant was acquitted." Id. at 547. The court observed that "an order for restitution, i.e., attempting to make a victim whole, has generally been deemed a deterrent to future criminality . . . , and the court is not limited to the transactions or amounts of which defendant is actually convicted[.]" Id. at 548 (citations omitted). The court also observed that the trial court was "convinced of the defendant's responsibility" for the funds associated with the count for which the defendant received an acquittal. Id. Based on the record developed in the trial court, the California Supreme Court concluded there was no

abuse of discretion in imposing the restitution that was based on acquitted conduct. Similar reasoning should be applied here.

Instead, however, the majority here adopts a cramped application of the Biller/Rodriguez analysis to support its conclusion that the MDSO therapy probation condition imposed on Villanueva was invalid. In my view, the Third District correctly held that the probation condition could be upheld based on the conclusion that "the sex offender therapy at issue is rationally related to the crime for which Villanueva was convicted—the illegal and inappropriate touching of the child's breast and buttocks." Villanueva v. State, 118 So. 3d 999, 1004 (Fla. 3d DCA 2013). But the majority reasons with respect to the first Biller/Rodriguez factor that the jury's verdict acquitting Villanueva of lewd and lascivious molestation "remov[es] any indication that Villanueva should be a candidate for sex offender therapy[,]" and the MDSO therapy probation condition therefore "is not reasonably related to Villanueva's conviction for misdemeanor battery[.]" Majority op. at 14. Contrary to the majority's reasoning, the evidence at trial shows that MDSO therapy is reasonably related to the circumstances of the commission of the offense—a battery involving an illicit touching of the victim's breasts and buttocks. The trial court properly considered those circumstances and imposed a rehabilitative probation condition that is directly related to the

- 30 -

circumstances of the offense and directly related to preventing the defendant from engaging in such illicit touching of children in the future.

I would also reject the view that section 948.30, Florida Statutes (2011), which requires the imposition of sex offender therapy for certain enumerated offenses, implicitly precludes the imposition of sex offender therapy in connection with unenumerated offenses. Any such implication is nonsensical in view of the broad authority granted to trial courts by section 948.03. Nothing in section 948.30 suggests that it in any way limits the authority granted by section 948.03. There is nothing ambiguous about section 948.30, and there is no basis for the use of legislative history to rewrite the plain terms of the statute by reading in a limitation on a trial court's general authority to impose conditions that the trial court "considers proper."

Accordingly, I would approve the decision on review and I would disapprove the decision in Arias v. State, 65 So. 3d 104 (Fla. 5th DCA 2011), as well as other decisions that employ similar reasoning.

POLSTON, J., concurs.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

Third District - Case No. 3D11-2023

(Miami-Dade County)

Carlos Jesus Martinez, Public Defender, Eleventh Judicial Circuit, Miami, Florida,

- 31 -

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and Richard L. Polin, Bureau Chief, and Magaly Rodriguez, Assistant Attorney General, Miami, Florida,

for Respondent