LEWIS, J.,
dissenting.
This case presents a morass of unusual facts and interrelated statutes that govern a trial judge’s discretion with respect to special conditions of probation. Under these circumstances, I agree with the majority’s reliance on tools of statutory construction to glean legislative intent regarding the extent to which a trial judge can order special conditions of probation. However, after considering Justice Par-iente’s concurring in part and dissenting in part opinion, I ultimately disagree with the majority’s conclusion that the special condition imposed below violated conditions established in Biller v. State, 618 So.2d 734 (Fla.1993). I therefore dissent.
A review of the record demonstrates the confusion surrounding the judge’s imposition of probation conditions. In two separate hearings, the trial court insisted that the defendant undergo “MDSO therapy,” over the strenuous objections of defense counsel. At the initial sentencing hearing, the trial court responded to defense counsel’s request for clarification by stating, “I want him to undergo MDSO therapy. It’s not an MDSO plea, it’s not an MDSO probation, just as a condition of his probation.” At a subsequent hearing in which defense counsel moved to mitigate this particular condition of the sentence, the trial court reiterated its stance:
COURT: I ordered MDSO therapy because he was found guilty of battery which is an illegal touching of someone else.. That’s what he was charged with, was the.illegal touching of someone else. They just didn’t find it to the same degree that the charging people did. Okay. That being the case, it was still an improper touching of his daughter, and he can acknowledge that in the sense of what it was and what he was found guilty of and do the therapy, because he needs to learn that he can’t do that to children and family.
[[Image here]]
... [Y]our motion to mitigate is denied. Thank you.
*58 DEFENSE COUNSEL: If I might just, Judge? It specifically, on his order, says sex offender treatment. He’s not a sex offender.
COURT: It shouldn’t. It’s MDSO therapy.
DEFENSE COUNSEL: They can’t differentiate a [sic] probation.
COURT: They can. We’ve done it before. I’ve done it for years. When they reduce a count from something to a felony battery and I give MDSO therapy to go with it....
[[Image here]]
DEFENSE COUNSEL: [M]ay I just add there’s no box on here for sex offender therapy. There’s ... a box for sex offender treatment.
COURT: Well, put something else on there.
DEFENSE COUNSEL: I can’t, Judge it’s a probation order.
COURT; Correct the probation orders so it references it as MDSO therapy.
DEFENSE COUNSEL: I’m not questioning [the probation officer], it’s the referring officer who put it down as a sex offender treatment, and he’s not a sex offender. And there’s no box on here for sex offender therapy,
COURT: Okay. Well, take that back and tell them to give him a new form.
As the Third District noted below, the trial court’s chosen term, “MDSO therapy,” does not actually exist in the probation statutory scheme. Villanueva v. State, 118 So.3d 999, 1000 n. 1 (Fla. 3d DCA 2013). Furthermore, the trial court gave no indication of what sentencing statute it relied on when it imposed this condition. The Third District, and presumably all subsequent parties who read the opinion, “assume[d] that MDSO therapy refers to ‘a sex offender treatment program with qualified practitioners specifically trained to treat sex offenders,’ similar to” the required treatment program described in section 948.30(l)(c), Florida Statutes (2008), which is titled “Additional terms and conditions of probation or community control for certain sex offenses.” Id. (emphasis added). Despite this assumption, the ambiguity of the trial court renders it not only possible, but likely, that the trial court actually acted pursuant to section 948.039, Florida Statutes, when it imposed MDSO therapy. That section provides: “The court may determine any special terms and conditions of probation or community control. The terms and conditions should be reasonably related to the circumstances of the offense committed and appropriate for the offender.... ” § 948.039, Fla. Stat. (2008).[7]
Thus, it is not clear whether the trial court imposed the disputed condition under section 948.30, the provision that mandates a lengthy list of conditions for certain sex offenders, or, as I suspect, section 948.039, which grants trial courts wide latitude to impose special conditions of probation. Regardless, I agree with the conclusion reached by the majority that section 948.30 is inherently ambiguous.
The Third District correctly noted that section 948.30 does not clearly provide an answer to the question posed to this Court: whether any of the enumerated conditions in the statute can be imposed upon a person who has not been convicted of a sex offense specified by the statute. The statute does not expressly prohibit or allow such action, and therefore I agree *59 with the majority in its conclusion that section 948.30 is ambiguous on this point. Thus, the majority’s reliance on principles of statutory interpretation, especially the principle of in pari materia and the consideration of sections ,948.03 and 948.039, is appropriate here. Section 948.03(2) indicates that the enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it may consider proper. This provision supports the conclusion that the provisions required by section 948.30 are not exclusive to the enumerated offenses in that statute. Moreover, section 948.039 appears to operate as a limitation on the scope of special conditions, but does so in a permissive manner: “The court may determine any special terms and conditions of probation or community control. The terms and conditions should be reasonably related.to the circumstances of the offense committed and appropriate for the offender.” (Emphasis added). Only by reading sections 948.03, 948.039, and 948.30 in pari materia can we actually understand the question presented by this case: is the wide discretion statutorily granted to trial courts expansive enough to allow a court to impose a condition that is otherwise mandatorily imposed only upon certain sex offenders?
I part ways with the majority opinion, however, in its conclusion that the special condition imposed below violated the standards enumerated in Biller. I agree with a conclusion that the special condition that Villanueva attend sex offender therapy was reasonably related to the conduct underlying Villanueva’s conviction. Although Villanueva denied touching his twelve-year-old daughter’s breasts, it appears undisputed that the unlawful contact was on the victim’s breasts and buttocks, as opposed to, for example, her arm or leg. See Villanueva, 118 So.3d at 1004 (“[T]he only inappropriate touching in the record — the only non-consensual physical contacts that could support the battery conviction — was sexual in nature.”). Even if the jury convicted Villanueva of misdemeanor battery alone, rather than lewd and lascivious molestation, the trial judge heard all of the evidence presented to the jury, and the trial judge has a great deal of discretion in fashioning conditions of probation. See §§ 948.03(2), 948.039. Therefore, the trial judge was in the best position to determine any special conditions of probation. Having heard evidence that Villanueva touched his adolescent daughter on her breasts and buttocks, the judge acted well within his discretion to fashion a special condition of probation that was not only related to the offensive conduct, but intended to reduce the possibility that Villanueva would act in this manner in the future. I consider it absurd to conclude otherwise. Therefore, I would affirm the decision below.

. Section 948.31, Florida Statutes, which grants a trial court the discretion to order the evaluation of and treatment for certain sex offenders, is yet a third possible statute upon which the trial court could have relied when it ordered Villanueva to participate in “MDSO therapy.”